**OFFICE OF THE GOVERNOR,**
Petitioner

v.

**Mark SCOLFORO, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 13, 2013.
Decided April 23, 2013.

Jarad W. Handelman, Executive Deputy General Counsel, Harrisburg, for petitioner.

Gayle C. Sproul and Paul J. Safier, Philadelphia, for respondent.

Dena Lefkowitz, Senior Attorney, Harrisburg, for Intervenor Office of Open Records.

BEFORE: PELLEGRINI, President Judge, and COHN JUBELIRER, Judge, and SIMPSON, Judge, and LEAVITT, Judge, and BROBSON, Judge, and McCULLOUGH, Judge, and COVEY, Judge.

OPINION BY Judge COHN JUBELIRER.

The Office of the Governor (Governor's Office) petitions for review of the Final Determination of the Office of Open Records (OOR) granting access to the Governor's schedule from January 18, 2011 to February 4, 2011 (Calendars), without redactions, as requested by Mark Scolforo [1] (Requestor) pursuant to the Right-to-Know Law (RTKL).[2] The Governor's Office asserts it properly redacted entries on the Calendars, such as the subject of internal meetings, pursuant to Section 708(b)(10) of the RTKL, 65 P.S. § 67.708(b)(10) (the predecisional deliberative exception), and the deliberative process privilege.[3, 4]

Requestor submitted a request, pursuant to the RTKL, to the Governor's Office for the Governor's Calendars and Emails.

1. Requestor is with the Associated Press.

2. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

3. This Court originally filed an Opinion and Order in this matter on June 7, 2012. Therein, we vacated the portion of the Final Determination of the OOR directing the Governor's Office to provide the Governor's Calendars, without redactions, for all information withheld on the basis of Section 708(b)(10) of the RTKL, 65 P.S. § 67.708(b)(10), and/or privilege, and remanded this matter to the OOR to conduct an *in camera* review of the unredacted Calendar entries of the Governor's Office in order to determine whether the predecisional deliberative exception set forth in Section 708(b)(10)(i) of the RTKL, 65 P.S. § 67.708(b)(10)(i), applied. By Order of July 25, 2012, we granted reconsideration of our June 7, 2012 Opinion and Order and the same was withdrawn. Due to reconsideration being granted, on August 16, 2012, this Court ordered the parties to file supplemental briefs limited to the issue of whether the OOR has the authority to, *sua sponte*, direct an agency to produce for *in camera* review unredacted records that are the object of a RTKL request. On October 25, 2012, this Court granted the OOR's application to intervene, and the OOR filed a brief and participated in oral argument. Due to our resolution of this case, we express no opinion as to the OOR's authority, pursuant to the RTKL, to, *sua sponte*, conduct *in camera* review.

4. The Governor's Office uses the terms "deliberative process privilege" and "executive privilege" interchangeably. See *Van Hine v. Department of State*, 856 A.2d 204, 212 (Pa. Cmwlth.2004) (observing that the similarities of the deliberative process privilege and executive privilege are apparent, and viewing the two doctrines as "coterminous."). In addition to Section 708(b)(10), the Governor's Office did separately list both the executive privilege and the deliberative process privilege, pursuant to Section 305(a)(2) of the RTKL, 65 P.S. § 67.305(a)(2), as additional exemptions to the disclosure of the requested information from the Calendars. However, the Governor's Office, in its brief to this Court, does not develop a legal analysis regarding the application of the executive privilege separate and apart from the deliberative process privilege. In addition, we note that the Governor's Office did not raise the "notes and working papers" exception found in Section 708(b)(12) of the RTKL, 65 P.S. § 67.708(b)(12), as a defense to disclosing the information contained in the Calendars because the Calendars were for personal use by the Governor. See *City of Philadelphia v. Philadelphia Inquirer*, 52 A.3d 456, 461–62 (Pa.Cmwlth.2012) (holding the mayor's and city council members' calendars were exempt from disclosure under the "notes and working papers" exception because the requested documents were created solely for the convenience of the mayor's and city council members' personal use in

(Right–to–Know Request (Request), R.R. at 6a.) Specifically, Requestor sought "copies of Gov. Tom Corbett's schedule from inauguration day until the date when this request is fulfilled" and "all emails sent by the [G]overnor since Jan. 18, 2011" (Emails). (Request, R.R. at 6a.) After invoking a 30–day extension, the Governor's Office granted, in part, and denied, in part, the Request. The Governor's Office provided some records it deemed responsive to the Request at no charge, but withheld what it deemed "non-public information." (Right–to–Know Response (Response) at 1–2, R.R. at 8a–9a.) The Governor's Office explained that it redacted one personal telephone number from the produced Emails pursuant to Section 708(b)(6)(i) of the RTKL, 65 P.S. § 67.708(b)(6)(i), as personal identification information. (Response at 1, R.R. at 8a.) The Governor's Office further explained that it did not produce "E-mails that reflected internal predecisional deliberations" pursuant to Section 708(b)(10) of the RTKL and the executive and deliberative privileges. (Response at 1, R.R. at 8a.) Finally, the Governor's Office redacted from the Calendars any information that:

(1) reflected internal predecisional deliberations pursuant to [Section 708(b)(10) ] and the executive privilege and deliberative privilege[,] [Sections 102 and 305(a),] 65 P.S. §§ 67.102, [67.]305(a), such as the subject of meetings;

(2) is exempt under the personal security exemption, [Section 708(b)(1)(ii) ], 65 P.S. § 67.708(b)(1)(ii), such as the location of the Governor's travel lodging or travel patterns;

(3) is exempt as a personal telephone number, [pursuant to Section 708(b)(6)(i) ], 65 P.S. § 67.708(b)(6)(i); and

(4) is not a record of the agency, such as personal[,] social or medical appointments.

(Response at 1–2, R.R. at 8 a–9 a.) Overall, the Governor's Office withheld 17 Emails in their entirety, redacted a telephone number from one Email, and redacted 28 entries on the Calendars. (Final Determination at 8, R.R. at 116a.) The Governor's Office did not redact from the Calendars the names of individuals who attended the meetings, or the dates, times and places of the meetings.

Requestor appealed to the OOR, challenging the application of the stated exceptions and privileges to the Request. (OOR Appeal at 1–2, R.R. at 37a–38a.) The OOR permitted both parties to supplement the record. The Governor's Office submitted notarized affidavits signed by Open Records Officer Michael Downing and Corporal Bruce George of the Pennsylvania State Police to support the grounds set forth in its Response, along with exemption indices related to all records redacted or withheld. (Governor's Office Letter (March 23, 2011), R.R. at 70a–93a.) The affidavits accompanied the Governor's Deputy General Counsel's position statement outlining the asserted exceptions. (Governor's Office Letter (March 23, 2011) at 1–7 and Appendices B and C, R.R. at 70a–76a, 88a–93a.) Therein, the Governor's Office requested a hearing should the OOR need any additional information. (Governor's Office Letter (March 23, 2011) at 7, R.R. at 76a.) The OOR denied the Request on April 11, 2011, stating it could not hold a hearing based on "a finding that sufficient evidence was not supplied." (Final Determination at 3, R.R. at 111 a (internal citation omitted).)

 The OOR issued its Final Determination denying the appeal in regards to

scheduling daily activities and were not circu- lated outside of the officials' offices).

the Emails and granting access, without redactions pursuant to Section 708(b)(10), to the Calendars. (Final Determination at 1–13, R.R. at 109a–21 a.) Without considering the Affidavit of Open Records Officer Michael Downing (Affidavit), the OOR determined that the Governor's Office could not redact the subject matter of internal meetings for discussion on the Calendars under the predecisional deliberative exception in Section 708(b)(10) of the RTKL. (Final Determination at 8–10, R.R. at 116a–18a.) Specifically, the OOR held *as a matter of law* that:

> the factual topic of a meeting with the Governor is facially not "deliberative" in character as such a notation does not, in itself, reveal the actual deliberations. While deliberations themselves may be protected, a record showing when such deliberations are scheduled are not protected under [Section 708(b)(10)]. This holding comports with the underlying purpose of the RTKL "to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials and make public officials accountable for their actions." *Bowling* [*v. Office of Open Records,* 990 A.2d 813,] 824 [ (Pa.Cmwlth. 2010) (en banc), *petition for allowance of appeal granted in part,* 609 Pa. 265, 15 A.3d 427 (2011)]. The OOR finds that the general topics discussed by an elect-

ed public official in the course of fulfilling his or her public responsibilities are the type of information that the General Assembly intended to be subject to public access. While the deliberations themselves may be withheld under [Section 708(b)(10)], this narrow exemption does not extend to shield the subject matter of scheduled discussions from public release.

(Final Determination at 9–10, R.R. at 117a–18a.) Finally, the OOR determined that the executive privilege did not apply "to prevent access to the responsive [C]alendar entries." (Final Determination at 12, R.R. at 120a.) The OOR, thus, directed the Governor's Office to provide the requested Calendars without redaction of all the information withheld on the basis of Section 708(b)(10) and/or privilege.[5] (Final Determination at 13, R.R. at 121a.) The Governor's Office timely filed a Petition for Review with this Court.[6]

In support of this appeal, the Governor's Office argues that the OOR erred by holding, as a matter of law, that it is not possible for the subject matter of meetings on the Governor's Calendars to reflect predecisional deliberations under Section 708(b)(10). The Governor's Office argues that the subject matter of internal meetings on the Calendars are records that *reflect* internal predecisional deliberations; therefore, this information is exempt from

---

5. The OOR also determined that: (1) a "[r]equest may only seek records in existence at the time the [r]equest was received" by the agency; (2) a "[r]equest may only seek 'records'" as that term is defined in the RTKL; thus, portions of the Governor's Calendars were properly redacted to shield the Governor's personal activities; (3) the Governor's Office properly redacted personal telephone numbers and email addresses; and (4) the Governor's Office properly redacted information pursuant to Section 708(b)(1)(ii) of the RTKL, the personal security exception. (Final Determination at 4–7, R.R. at 112a–15a.)

6. In reviewing a final determination of the OOR, this Court "independently reviews the OOR's orders and may substitute its own findings of facts for [those] of the agency." *Bowling,* 990 A.2d at 818. As we are not limited to the rationale offered in the OOR's decision, we enter narrative findings and conclusions based on the evidence, and we explain our rationale. *Id.* Our scope of review on a question of law under the RTKL is plenary. *Allegheny County Department of Administrative Services v. A Second Chance, Inc.,* 13 A.3d 1025, 1029 n. 3 (Pa.Cmwlth.2011).

disclosure pursuant to Section 708(b)(10) of the RTKL and the deliberative process privilege pursuant to Section 102 of the RTKL.[7] The Governor's Office contends further that the OOR erred by determining that the factual topic of a meeting is facially not deliberative in character because notations showing when an event is scheduled cannot, in itself, reveal the actual deliberations. (Governor's Office Br. at 12.) The Governor's Office emphasizes that the withheld information was not a list of general topics discussed by the Governor. The disclosure sought was the subject of the meeting in the context of the identities of internal participants who were chosen to be part of the deliberations, which were disclosed, as well as the time, date, and place of those deliberations, which was also disclosed. In short, the Governor's Office argues that the OOR erred by requiring that the protected information *reveal* the deliberations because Section 708(b)(10) only requires that those deliberations be *reflected,* not revealed or described.

In response, Requestor argues that all exemptions from disclosure must be narrowly construed. Requestor contends that the subject matter of internal meetings on the Calendars are not generally exempt from disclosure as reflecting internal predecisional deliberations pursuant to Section 708(b)(10). Requestor argues that the fact that the RTKL utilizes the term *reflect* is of no moment as the term *reveal* is an appropriate synonym. Requestor contends that the Governor's Office has simply redacted all of the notations of the subject matter of internal meetings without any attempt to explain the separate basis for each redaction. Finally, Re-

questor contends that the subject matter of internal meetings on the Governor's Calendars do not reflect or show the actual advice he was given at those meetings; therefore, they are not protected even if the Governor's Office had met its burden under the RTKL.

■ Under Section 305 of the RTKL, records in the possession of an agency are presumed "public" unless they are: (1) exempted by Section 708 (exceptions) of the RTKL; (2) protected by privilege; or (3) exempted "under any other Federal or State law or regulation or judicial order or decree." 65 P.S. § 67.305. Exemptions from disclosure must be narrowly construed due to the RTKL's remedial nature, which is "designed to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials, and make public officials accountable for their actions." *Bowling,* 990 A.2d at 824.

The predecisional deliberative exception set forth in Section 708(b)(10)(i) codifies the deliberative process privilege. Section 708(b)(10)(i) exempts from disclosure:

■ (10)(i) A record that reflects:

(A) The internal, predecisional deliberations of an agency, its members, employees or officials or predecisional deliberations between agency members, employees or officials and members, employees or officials of another agency, including predecisional deliberations relating to a budget recommendation, legislative proposal, legislative amendment, contemplated or proposed policy or course of action or any research, memos or other documents used in the predecisional deliberations.

---

7. Section 102 defines "privilege" as "[t]he attorney-work product doctrine, the attorney-client privilege, the doctor-patient privilege, the speech and debate privilege or other privi-

lege recognized by a court interpreting the laws of the Commonwealth." 65 P.S. § 67.102.

(B) The strategy to be used to develop or achieve the successful adoption of a budget, legislative proposal or regulation.

65 P.S. § 67.708(b)(10)(i). "According to the language of Section 708(b)(10)(i), protected records must be predecisional and deliberative." *Kaplin v. Lower Merion Township*, 19 A.3d 1209, 1214 (Pa. Cmwlth.), *petition for allowance of appeal denied*, 612 Pa. 693, 29 A.3d 798 (2011).[8] Pursuant to Section 708(a)(1), "[t]he burden of proving that a record of a Commonwealth agency ... is exempt from public access shall be on the Commonwealth agency ... receiving a request by a preponderance of the evidence." 65 P.S. § 67.708(a)(1); *Department of Health v. Office of Open Records*, 4 A.3d 803, 809 (Pa.Cmwlth.2010).

██ Upon review, we find that the OOR erred by holding, as a matter of law, that a calendar entry of an agency executive, such as the Governor "is facially not 'deliberative' in character" and, therefore, cannot be exempt from disclosure because such information, in itself, would not reveal the actual deliberations. (Final Determination at 9–10, R.R. at 117a–18a.) Calendar entries are unique in that they are commonly used for more than just scheduling appointments. Calendars may contain the topic of the meeting, along with specific points that are to be discussed, or proposed actions, along with a list of the individuals scheduled to attend the meeting. For example, a calendar entry may set forth a description of what will be discussed at a meeting, such as a proposed tax or fee, controversial proposed legislation, or regulations. While often information appearing on calendars would not contain information subject to protection, we must look at the substance of the information and not the form in which the information is placed. The fact that information is contained on the Calendars, instead of a memo, does not determine the character of the information or whether it is subject to an exception. As such, the fact that the information was placed on the Calendars does not, as a matter of law, mean that it is impossible for it to be protected under an exception to the RTKL.

In determining whether the information on the Calendars falls within the exception to disclosure of public records set forth in Section 708(b)(10), we must first examine the statutory provision. In doing so, we recognize that the General Assembly utilized the specific term "*reflect*," 65 P.S. § 67.708(b)(10) (emphasis added), and did not use the term "*reveal.*" The term *reflect* means "mirror" or "show," while the term *reveal* means "to make publicly or generally known" or, in other words, "disclose." Webster's Third New International Dictionary 1908, 1942 (2002). Given the broad meaning of the term *reflect*, as opposed to *reveal*, and the fact that the General Assembly chose the term *reflect* when providing for the predecisional deliberative exception, we must interpret the exception as written. Moreover, the combined use

---

8. The OOR consistently applies the following test to determine if a requested record is exempt pursuant to Section 708(b)(10) of the RTKL: (1) "the deliberations reflected are 'internal' to the agency"; (2) "the deliberations reflected are predecisional, i.e., before a decision on an action"; and (3) "the contents are deliberative in character, i.e., pertaining to a proposed action." (Final Determination at 7, R.R. at 115a.) *See Kaplin*, 19 A.3d at 1216 (holding that "a communication does not necessarily need to be internal to a single agency to be covered by the predecisional deliberation protections of Section 708(b)(10)(i)" because, pursuant to the statutory language, "the communication could be considered to be predecisional deliberations between agency members and employees of another agency").

of the terms *reflects* and *deliberations* in Section 708(b)(10)(i)(A) supports the conclusion that Section 708(b)(10)(i) codifies the deliberative process privilege and, therefore, demonstrates the General Assembly's intent to exempt the deliberative *process*. *Commonwealth ex rel. Unified Judicial System v. Vartan*, 557 Pa. 390, 399, 733 A.2d 1258, 1263 (1999) (plurality opinion) (quoting *Redland Soccer Club, Inc. v. Department of the Army of the United States*, 55 F.3d 827, 853 (3d Cir. 1995) ("The deliberative process privilege permits the government to withhold documents containing 'confidential *deliberations* of law or policy making, *reflecting* opinions, recommendations or advice.'" (internal citation omitted) (emphasis added))).[9]

Given our understanding of the exception, we next must determine whether it was error for the OOR not to consider the Affidavit which the Governor's Office submitted in support of the redactions from the Governor's Calendars. The Governor's Office argues that the sworn Affidavit is evidence and that the information at issue "reflects the Governor's deliberations and priorities in choosing the subjects, timing, location and participants of meetings. It is the totality of these components that renders this calendar information reflective of deliberative process...." (Governor's Office Br. at 7).

In response, Requestor argues that the Affidavit had no relevance to the application of Section 708(b)(10)(i), as that involves a purely legal issue. Requestor contends that none of the Affidavit's factual representations are, or could be, relevant to the threshold legal question of whether the Calendars disclosed the subject matter on which the Governor sought advice, as opposed to the content of the advice he ultimately received, and are deliberative for purposes of the internal predecisional deliberative exception.

The RTKL establishes that an appeals officer "may admit into evidence testimony, evidence and documents that the appeals officer believes to be reasonably probative and relevant to an issue in dispute. The appeals officer may limit the nature and extent of evidence found to be cumulative." Section 1102(a)(2) of the RTKL, 65 P.S. § 67.1102(a)(2).

██ Because of the OOR's approach to the Calendar entries, it did not believe that any factual information was relevant. However, given our understanding that it is the content of the entries and not the form in which the information is contained that is to be considered, the Affidavit which attests to facts is relevant. Whether information qualifies as "predecisional and deliberative" is a highly fact specific inquiry and discerning whether material redacted pursuant to the RTKL is exempt from access is difficult. Here, the content of the redactions is contested, and the Governor's Office is entitled to show why its asserted protection applies. In deciding whether this redacted information qualifies for protection under an exception, the OOR should have considered the averments of the Affidavit: the OOR could not

9. In *Vartan*, 557 Pa. at 401, 733 A.2d at 1264, the Supreme Court required an agency asserting the deliberative process privilege to show that: (1) the communication is deliberative in character; and (2) the communication occurred prior to a specific, related decision. *See also Joe v. Prison Health Services, Inc.*, 782 A.2d 24, 33 (Pa.Cmwlth.2001) (same). Cf. *LaValle v. Office of General Counsel of the*

*Commonwealth*, 564 Pa. 482, 496, 769 A.2d 449, 457 (2001) ("[T]his Court has not definitively adopted the deliberative process privilege.") and *In re: Interbranch Commission on Juvenile Justice*, 605 Pa. 224, 237–38 & n. 11, 988 A.2d 1269, 1277–78 & n. 11 (2010) (Supreme Court addressed the deliberative process privilege in excluding evidence sought in Judicial Conduct Board hearing).

make an informed decision here without knowledge of the content of the Affidavit. Therefore, it was error for the OOR not to consider the Affidavit submitted in support of the redactions from the Governor's Calendars.

■■■■ As this Court reviews the Affidavit as part of the record on appeal,[10] we now turn to the issue of whether the evidence presented meets the Governor's Office's burden of proving that the redacted notations are exempt from disclosure pursuant to Section 708(b)(10)(i). The federal courts have explained what is required when an agency, by submitting affidavits, attempts to justify nondisclosure of requested documents pursuant to certain exemptions provided for in Section 552 of the Freedom of Information Act (FOIA), 5 U.S.C. § 552, the federal counterpart to Pennsylvania's RTKL.[11]

Affidavits are the means through which a governmental agency details the search it conducted for the documents requested and justifies nondisclosure of the requested documents under each exemption upon which it relied upon. The affidavits must be detailed, nonconclusory, and submitted in good faith.... Absent evidence of bad faith, the veracity of an agency's submissions explaining reasons for nondisclosure should not be questioned.

*Manchester v. Drug Enforcement Administration, U.S. Department of Justice,* 823 F.Supp. 1259, 1265 (E.D.Pa.1993) (citations omitted). In other words, a generic determination or conclusory statements are not sufficient to justify the exemption of public records.

■■■■ Here, the Affidavit submitted by the Governor's Office states that "the information redacted was for internal meetings ... and reflected predecisional deliberations with regard to the subject matter reflected on the index." [12, 13] (Affidavit at 2,

**10.** *See Department of Transportation v. Office of Open Records,* 7 A.3d 329, 333 (Pa.Cmwlth. 2010) (holding that the General Assembly "intended the record to be certified to this Court pursuant to Section 1303(b) [of the RTKL, 65 P.S. § 67.1303(b),] to include evidence and documents admitted into evidence by the appeals officer pursuant to Section 1102(a)(2)" of the RTKL, 65 P.S. § 67.1102(a)(2)).

**11.** *See Bowling,* 990 A.2d at 819 (recognizing that the FOIA is the federal counterpart to our RTKL).

**12.** In its "Index of Redacted Records," the Governor's Office sets forth the date/time of each requested Calendar entry, sets forth the names of the participant(s) or indicates if the names are redacted, and sets forth which exception under the RTKL is applicable to each entry. For example, for the Calendar entry dated January 19, 2011 at 3:00 p.m., the index reveals the names of the participant(s) and states that the entry is exempt from disclosure pursuant to " § 67.708(b)(10)(i)(A) predecisional deliberation" and " §§ 67.102, 305(a) executive and deliberative privilege."

(R.R. at 79a.) With respect to the Governor's Calendar entries, the index does not include any reference to meeting topics or indicate if the meeting topics were redacted. (R.R. at 79a–84a.)

**13.** We note that this Court, in *Bowling,* held that it was within the discretion of the Pennsylvania Emergency Management Agency (PEMA), pursuant to Section 705 of the RTKL, 65 P.S. § 67.705, to choose the manner in which it would disclose certain requested records; however, in so doing, we offered the following guidance:

[W]e refer PEMA to two approaches which the federal courts use when addressing an agency's claim of disclosure exemption under the FOIA. First, the District of Columbia Circuit Court of Appeals established in *Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir.1973), an item-by-item indexing system which correlates to a specific FOIA exemption.

The second approach recognized that a *"Vaughn* index" may not be a practical approach in view of the records requested. *In some instances, a satisfactory index could*

R.R. at 89a.) The Affidavit describes that the redactions at issue:

> were reflective of internal deliberations that preceded decisions related to subjects including the transition into the new administration, personnel, budgetary and policy decisions, related courses of actions and implementation of changes in the direction of the administration.

(Affidavit at 2, R.R. at 89a.) The Affidavit contains no further specifics. It is, therefore, without more, not sufficient to prove that the records are exempt. While the Affidavit tracks the language of the exception it presupposes, rather than proves with sufficient detail, that the redacted Calendar entries are reflective of internal deliberations and, therefore, exempt from disclosure. It is not enough to include in the Affidavit a list of subjects to which internal deliberations may have related. The Affidavit must be specific enough to permit the OOR or this Court to ascertain how disclosure of the entries would reflect the internal deliberations on those subjects. Because this Affidavit is not detailed, but rather conclusory, *Manchester,* 823 F.Supp. at 1265, it is not sufficient, standing alone, to prove that the Calendar entries are exempt from disclosure.

For these reasons, we affirm the OOR's Final Determination requiring the Governor's Office to provide the requested Calendars without redaction of all the information withheld on the basis of the exceptions set forth in Section 708 of the RTKL, 65 P.S. § 67.708.

### ORDER

**NOW,** April 23, 2013, the Final Determination of the Office of Open Records entered in the above-captioned matter is **AFFIRMED.**

CONCURRING OPINION BY Judge McCULLOUGH.

I concur in the Majority's analysis insofar as it concludes that the affidavit of Open Records Officer Michael Downing submitted on behalf of the Office of the Governor was insufficient to prove that the Governor's schedule from January 18, 2011, to February 4, 2011 (hereafter Calendars) are exempt from disclosure under the predecisional deliberative exception in section 708(b)(10) of the Right–to–Know Law (RTKL).[1] I further agree with the Majority that, because the Office of the Governor did not raise the "notes and working papers" exception found in section 708(b)(12) of the RTKL, 65 P.S. § 67.708(b)(12), as a defense to disclosing the information contained in the Calendars on the grounds that the Calendars were for the Governor's personal use,[2] we cannot address that exemption on appeal.

---

*undermine the exemption and, in those cases, agencies may proffer generic determinations for nondisclosure. Curran v. Dep't of Justice, 813 F.2d 473 (1st Cir.1987); see also Crooker v. Bureau of Alcohol, Tobacco & Firearms, 789 F.2d 64 (D.C.Cir.1986). This does not, however, absolve agencies from making a minimally sufficient showing of exemption. Curran. Agencies may justify their exemptions on a category-of-document by category-of-document basis. Id. The chief characteristic of a category-of-document methodology must be functionality, that is, the classification should be clear enough to*

*permit a court to ascertain "how each ... category of documents, if disclosed, would interfere with [the agency's duty not to disclose exempt public records]." Id. at 475. Bowling, 990 A.2d at 825 n. 13 (emphasis added) (omission in original).*

1. Act of February 14, 2008, P.L. 6, 65 P.S. § 67.708(b)(10).

2. *See City of Philadelphia v. Philadelphia Inquirer, 52 A.3d 456, 461–62 (Pa.Cmwlth.2012) (holding that the mayor's and city council members' Calendars were exempt from dis-*

However, unlike the Majority, I would address the issue of the authority of the Office of Open Records (OOR) to *sua sponte* direct an agency to produce unredacted records that are the object of a RTKL request for *in camera* review. Indeed, by order dated July 25, 2012, we granted the application of the Office of the Governor for reconsideration of our original June 7, 2012 Opinion and Order,[3] and by subsequent order dated August 16, 2012, we specifically directed the parties to file supplemental briefs limited to the issue which the Majority now avoids.[4]

In this regard, while section 1101(b)(3) of the RTKL, 65 P.S. § 67.1101(b)(3), makes clear that the OOR has discretion to conduct a hearing, and, in fact, declined to do so even though a hearing was requested by the Office of the Governor, there is no similar provision in the RTKL that gives the OOR the authority to conduct *in camera* reviews *sua sponte.* Although the OOR has argued that conducting *in camera* reviews would more efficiently dispose of cases than conducting hearings, the Legislature, in crafting the RTKL, did not provide for such means of disposition.

The authority of this Court to order an *in camera* review by the OOR remains unchallenged; but because the right of the OOR to *sua sponte* conduct *in camera* reviews was raised in this case, I would hold that the Legislature did not grant

such authority. Consequently, it is up to the Legislature to confer such authority by statutory amendment.

closure under the "notes and working papers" exception because the requested documents were created solely for the convenience of the mayor's and city council members' personal use in scheduling daily activities and were not circulated outside of the officials' offices).

3. This Court's original Opinion and Order vacated the portion of the Final Determination of the OOR directing the Office of the Governor to provide the Governor's Calendars, without redactions, for all information

withheld on the basis of Section 708(b)(10) of the RTKL, 65 P.S. § 67.708(b)(10), and/or privilege, and remanded this matter to the OOR to conduct an *in camera* review of the unredacted Calendar entries of the Office of the Governor in order to determine whether the predecisional deliberative exception set forth in Section 708(b)(10)(i) of the RTKL, 65 P.S. § 67.708(b)(10)(i), applied.

4. The parties also addressed this issue extensively at *en banc* argument on February 13, 2013.