**School District of Philadelphia v. Gym**

*Miles H. Shore*, for appellant.

*Michael Churchill* and *Benjamin David Geffen*, for appellee.

PADILLA, *J.*, Sept. 26, 2014—The School District of Philadelphia ("appellant") appeals from this court's order of June 30, 2014, denying its appeal from the final determination of the Pennsylvania Office of Open Records ("OOR").

## FACTUAL AND PROCEDURAL HISTORY

On December 19, 2012, Helen Gym ("appellee"), on behalf of Parents United for Public Education ("Parents United"), filed a Right to Know Law ("RTKL") request for records containing a list of schools identified by Boston Consulting Group ("Boston") as top candidates for school closures, as well as the criteria for choosing schools recommended for closure.

On January 14, 2013, appellant partially denied the request, providing only the criteria used to identify the schools and holding that the other records requested were draft policies reflecting the internal, pre-decisional deliberations of appellant and subject to exemption from the Right to Know Law per 65 P. S. § 67.708.

On February 14, 2013, appellee appealed to the OOR.

On March 19, 2013, appellant provided a supplemental position statement, namely that the withheld records were produced by Boston to identify the schools to be closed while Boston was under contract with the William Penn Foundation. The Foundation had contracted with Boston, paid Boston, and donated the services to the District.

On April 1, 2013, the OOR requested that appellant provide evidence regarding whether any third party had access to the withheld records. Appellant did so on April 9, 2013.

On April 12, 2013, the OOR issued its final determination. It held that based upon the affidavits provided, while Boston's services were donated to appellant and Boston acted as an agent of the district, the affidavits did not address whether the William Penn Foundation had access

to the withheld records. The affidavits showed only that the records were "never a specific topic of conversation or exchange." Thus, because it was appellant's burden to prove by a preponderance of the evidence each element of the claimed exemption, the OOR could not conclude that the withheld records were "internal" to appellant. Thus, the OOR granted appellee's appeal.

Appellant filed its appeal from the decision of the OOR on May 13, 2013.

On August 30, 2013, the certified record was received from the OOR.

On October 7, 2013, appellant filed its brief, arguing that the OOR erred in its decision and that the internal, pre-decisional, deliberative exception applied per 65 P. S. § 67.708. Specifically, appellant argued that the affidavits it had provided were clear in stating that the information was not shared and that, even if the information had been shared with the Foundation, it was still internal to appellant — i.e., prepared by or on behalf of the agency. Appellant also argued that the "three prong test" employed by the OOR should not be employed by this court in its decision and is merely a guideline.

On November 1, 2013, appellee filed her brief, arguing that the records are not internal when shared with outsiders and that documents given to appellant by a third party such as the Boston Group, are not internal per the meaning of the statute, and that appellant had had ample opportunity to submit the evidence requested by the OOR, but had not.

This court heard oral argument on the merits of this case on March 18, 2014. Appellant argued that the documents

were internal, predecisional, and deliberative, and that the affidavits submitted by appellant were sufficient to show that Boston had not shared the information with third parties. Notes of Testimony, hereinafter N. T., 3/18/14 at 5-8. Said affidavits stated that a) appellant remained the sole owner of the work product and materials prepared by Boston and b) that the Acting Superintendant of the School District stated that the list of schools recommended for closure "was never a specific topic of exchange between representatives of the William Penn Foundation, School District staff or consultants employed by BCG..." N. T. 3/18/14 at 8-9. Appellant chose not to supplement the administrative record. N. T. 3/18/14 at 10. Appellant argued the position that the documents remained predecisional until the administration took action upon them. N. T. 3/18/14 at 16. Additionally, appellant argued that because the William Penn Foundation had funded phase three of the work, that they were "in the group of the internal agency parties." N. T. 3/18/14 at 19.

Appellee argued that the public agency asserting the exception has the burden of proving the applicability and that, in the instant case, it could not prove the documents were internal. N. T. 3/18/14 at 19-21. Namely, that appellant appeared to have shared the documents with the William Penn Foundation, a donor to appellant, but which had no contractual or agency ties. N. T. 3/18/14 at 21-22. Appellee argued that Boston had no formal relationship with appellant but was an outside volunteer, and that the affidavit provided by Knudsen stated only that he could not recall the documents being shared. N. T. 3/18/14 at 31-32. Boston was a contractor during phase one, running from February 21, 2012, through March 29, 2012. N. T.

3/18/14 at 35. Beginning March 30, 2012, Boston was not a contractor. N. T. 3/18/14 at 36.

On June 30, 2014, following a thorough review of the record, briefs, and arguments of counsel, this court entered an order denying appellant's appeal.

On July 30, 2014, appellant filed a timely notice of appeal to the Commonwealth Court.

On July 30, 2014, this court issued its order pursuant to Pa. R.A.P. 1925(b), directing appellant to file a concise statement of matters complained of on appeal within twenty-one (21) days.

On August 18, 2014, appellant filed its statement of errors complained of on appeal, arguing that this court erred in not providing findings of fact and conclusions of law; that this court erred in not concluding that appellant had met its proof that the document had been kept internal; that this court erred in not reversing the final determination that appellant had not met its burden of proof.

## DISCUSSION

On appeal, appellant avers that this court erred in denying its appeal from the decision of the OOR and concluding that it had not met its burden of proof, and that this court erred because its order denying the appeal did not contain findings of fact and conclusions of law.

The RTKL is the statute providing for access to public records in Pennsylvania. *Bowling v. Office of Open Records*, 75 A.3d 453, 455 (Pa. 2013). This court's scope of review as a Chapter 13 Court, dealing with appeals from the OOR, is *de novo* and shall contain findings of

fact and conclusions of law based upon the evidence as a whole, clearly and concisely explaining the rationale of the decision. *Com., Pennsylvania Gaming Control Bd. v. Office of Open Records*, 48 A.3d 503, 507 (Pa. Commw. Ct. 2012) *appeal granted*, 74 A.3d 1027 (Pa. 2013); 65 P.S. § 67.1301(a). The court may substitute its own findings of fact for that of the agency. *Gaming Control Board*, 48 A.3d at 507.

## I. BURDEN

The RTKL requires agencies to disclose public records and provides that "a record in the possession of a Commonwealth agency... shall be presumed to be a public record." 65 P. S. § 67.305(a). Upon receipt of a written request for access to a record, an agency shall make a good faith effort to determine if the record requested is a public record ... and whether the agency has possession ... of the identified record." 65 P. S. § 67.901. The burden of proving a record of the Commonwealth or local agency is exempt from public access is on that agency, by a preponderance of the evidence standard. 65 P. S. § 67.708(a)(1). However, there are exceptions to this rule and a record reflecting the internal, pre-decisional deliberations of an agency, its members, employees, or officials is exempt from access by a requester. 65 P. S. § 67.708(10)(i)(A). To determine whether a requested record is exempt, the OOR applies the following test: that the deliberations are "internal" to the agency; that they are predecisional, i.e. before a decision on an action; and that the contents are deliberative in character, or pertaining to a proposed action. *Office of Governor v. Scolforo*, 65 A.3d 1095, 1101-02 (Pa. Commw. Ct. 2013).

The question before the court is whether the records meet each of the three criteria that make up the exception. Neither party disputes that the records are pre-decisional or deliberative. Thus, the remaining question is whether the documents were internal to the district. As noted above, to fit into the exception provided by the law, records must also be "internal" to a governmental agency. *Kaplin v. Lower Merlon Twp.*, 19 A.3d 1209, 1214 (Pa. Cmwlth. 2011). Even records shared between separate government agencies are still considered internal per the law. *Id.* However, internal deliberations are no longer "internal" for the purposes of the exemption once they have been shared beyond the agency. *Philadelphia Pub. Sch. Notebook v. Sch. Dist. of Philadelphia*, 49 A.3d 445, 453 (Pa. Commw. Ct. 2012) (records shared in School Reform Commission meeting not internal).

In the case before the court, appellant avers that the affidavits provided prove that the requested records are internal and were not shared with the William Penn Group. Affidavits may be submitted as evidence to supplement the record, but where an affidavit is not detailed and conclusory, that affidavit alone is insufficient to prove that requested information is exempt from disclosure. *Office of Governor v. Scoiforo*, 65 A.3d 1095, 1103-04 (Pa. Commw. Ct. 2013). The affidavit must be *specific* enough to allow the OOR or court to ascertain how disclosure of the entries would reflect the internal deliberations on those subjects. *Id.*

In submissions provided to the OOR on April 9, 2013, affidavits stated that "to the best of [the] knowledge" of the affiants, the list of schools identified by Boston as top candidates for closure as well as the criteria for choosing

schools recommended for clothing was "never a specific topic of conversation or exchange between representatives of the William Penn Foundation and ... school District Staff or consultants employed by BCG." *See* affidavit of Thomas Knudsen, Paragraph 15. Additional affidavits provided by the general counsel of the district state in pertinent part that, "The services of the consultant were donated to [appellant] by the William Penn Foundation and other grantors... at all times relevant hereto, [appellant] remained the sole owner of ail work product and materials generated and prepared by the consultant and for the benefit of [appellant]." Nothing in the affidavits submitted specifically states that the records were private to appellant or that the William Penn Foundation and employees thereof had no access to the records. They state only that as far as Thomas Knudsen knew, the records were not a specific topic, and that appellant remained the owner of the product and materials generated.

At oral argument, appellant chose not to supplement the record. Thus, nothing in the evidence submitted by appellant shows, by a preponderance of that evidence, that such records were not shared with the William Penn Foundation, and as a result the records are not "internal" per 65 P. S. § 67.708. Appellant has not, therefore, met its burden.

## II. CONCLUSION

Accordingly, for all of the reasons stated above, this court's decision should be affirmed.