IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Scott,                          :
                Petitioner          :
                                    :
              v.                  : No. 133 C.D. 2016
                                    : SUBMITTED: October 28, 2016
Pennsylvania Department                 :
of Corrections,                         :
                Respondent          :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
               HONORABLE JULIA K. HEARTHWAY, Judge
               HONORABLE JOSEPH M. COSGROVE, Judge


<u>OPINION NOT REPORTED</u>


MEMORANDUM OPINION
BY JUDGE HEARTHWAY          FILED: January 27, 2017


Anthony Scott (Requester) petitions for review from a final determination by the Office of Open Records (OOR) that the Department of Corrections (DOC) was not required to take any further action in response to a request for records pursuant to the Right-to-Know Law (RTKL).[1] We affirm.

Requester, a prisoner at the State Correctional Institution at Albion (SCI-Albion), submitted a request for his "Bill of Indictment" to DOC on

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104

November 9, 2015. DOC's right-to-know officer denied the request on December 2, 2015, stating that DOC did not possess the requested record.

Requester appealed to the OOR on December 14, 2015, arguing that the record existed. In response, on December 22, 2015, DOC submitted two documents: (1) correspondence from assistant counsel for DOC, stating that Requester's appeal was without merit because the requested record was not within DOC's possession, custody or control; and (2) an attestation of a records specialist at SCI-Albion, stating that she had searched the records at SCI-Albion and discovered Requester's sentencing order but no other records that were responsive to his request. Requester did not submit any evidence challenging the documentation submitted by DOC.

OOR denied Requester's appeal, concluding that the documentation provided by DOC was sufficient to prove that the requested record was not within the possession, custody or control of the DOC. This appeal followed.[2]

In this case, we note that an affidavit attesting to the nonexistence of a record within an agency's files may be sufficient evidence to prove that a record is not in the possession, custody or control of an agency. *See Moore v. Office of Open Records*, 992 A.2d 907 (Pa. Cmwlth. 2010). We find that in this case the

---

[2] In reviewing a final determination of the OOR involving a Commonwealth agency, this Court's standard of review is *de novo* and our scope of review is broad or plenary. *Bowling v. Office of Open Records*, 75 A.3d 453 (Pa. 2013). This Court independently reviews the OOR's orders and may substitute its own findings of fact for those of the agency. *Office of the Governor v. Scolforo*, 65 A.3d 1095, 1099 n.6 (Pa. Cmwlth. 2013). As we are not limited to the rationale offered in the OOR's decision, we enter narrative findings and conclusions based on the evidence, and we explain our rationale. *Id.*

affidavit provided to OOR by DOC establishes that the requested document is not in DOC's files. We also note that Requester appears to agree with this conclusion.

Requester's "Petition for Review of Judicial Public Records" filed with this Court states, "I am well aware that [DOC] cannot grant my request for a copy of my Bill of Indictment since it is not a document in the possession or custody of the [DOC]." He asks this Court to provide him with a copy of his Bill of Indictment from the "Archives of Judicial Public Records at Philadelphia County." Requester also filed a "Brief in Response to Reproduced Record" with this Court, arguing a variety of issues pertaining to the validity of the conviction that has resulted in his incarceration at SCI-Albion. Clearly, Requester misapprehends the nature of judicial review.

The role of the Commonwealth Court in a RTKL appeal is to review the application of the RTKL to a specific set of facts. It is not the Court's role to help a litigant find a document or to review the legality of a criminal prosecution or conviction.

The final determination of the OOR is affirmed.

_____
JULIA K. HEARTHWAY, Judge

3

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Scott,                        :
          Petitioner          :
                              :
          v.                  :   No. 133 C.D. 2016
                              :
Pennsylvania Department               :
of Corrections,                       :
          Respondent          :

## O R D E R

AND NOW, this 27th day of January, 2017, the order of the Office of Open Records is affirmed.

_____
JULIA K. HEARTHWAY, Judge