IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ginger Davis,                              :
                       Petitioner       :
                                           :
          v.                           :      No. 399 C.D. 2021
                                           :      Submitted: June 23, 2022
Pennsylvania State Employees                :
Retirement System (SERS)                    :
(Office of Open Records),                   :
                   Respondent      :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE LORI A. DUMAS, Judge

OPINION
BY JUDGE DUMAS                            FILED: October 27, 2022

       Ginger Davis (Requester) has petitioned this Court to review the Final

Determination, issued March 15, 2021, by the Office of Open Records (OOR), which

granted in part and denied in part her request for certain records maintained by the

Pennsylvania State Employees' Retirement System (SERS) administrative board

(board) pursuant to the Right-to-Know-Law (RTKL).[1]  Upon review, we conclude

that SERS presented sufficient evidence to establish that these records are exempt

from disclosure under Section 5902(e)(2) of the State Employees' Retirement Code

(Retirement Code or Code), 71 Pa.C.S. §§ 5902(e)(2).  Thus, we affirm.

## I. BACKGROUND

       On September 17, 2020, Requester submitted a request to SERS for

records associated with a board decision to invest in certain funds offered by

Singerman Real Estate, LLC (Singerman).[2]  SERS denied the request, asserting that

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

[2] Specifically, the request sought the following documents: (1) Investor Presentation, (2) Private Placement Memorandum (PPM), (3) Term Sheet, (4) Draft Limited Partnership Agreement

the records were exempt from disclosure under Section 5902(e)(2) of the Retirement Code, 71 Pa.C.S. § 5902(e)(2),[3] that the records contained confidential, proprietary information and trade secrets under Section 708(b)(11) of the RTKL, 65 P.S. § 67.708(b)(11),[4] and that certain records were exempt from disclosure because they revealed internal, pre-decisional deliberations under Section 708(b)(10)(i)(A) of the RTKL, 65 P.S. § 67.708(b)(10)(i)(A).[5, 6]

---

(LPA), (5) Real Estate Consultant's Private Markets Investment Due Diligence Report (NEPC Due Diligence Report), (6) Real Estate Consultant's Recommendation Summary (NEPC Recommendation Summary), and (7) Recommendation for Board Interview and Investment Memoranda. OOR Final Determination, 3/5/21, at 5-6.

[3] Section 5902(e)(2) provides:

Any record, material or data received, prepared, used or retained by the board or its employees, investment professionals or agents relating to an investment shall not constitute a public record subject to public access under the act of February 14, 2008 (P.L. 6, No. 3), known as the Right-to-Know Law, if, in the reasonable judgment of the board, the access would:

(i) in the case of an alternative investment or alternative investment vehicle, involve the release of sensitive investment or financial information relating to the alternative investment or alternative investment vehicle which the fund or trust was able to obtain only upon agreeing to maintain its confidentiality;

(ii) cause substantial competitive harm to the person from whom sensitive investment or financial information relating to the investment was received; or

(iii) have a substantial detrimental impact on the value of an investment to be acquired, held or disposed of by the fund or trust or would cause a breach of the standard of care or fiduciary duty set forth in this part.

71 Pa.C.S. § 5902(e)(2) (footnote omitted).

[4] Section 708(b)(11) of the RTKL exempts from disclosure "[a] record that constitutes or reveals a trade secret or confidential proprietary information." 65 P.S. § 67.708(b)(11).

[5] Section 708(b)(10)(i)(A) exempts from disclosure "[t]he internal, predecisional deliberations of an agency, its members, employees or officials or predecisional deliberations between agency members, employees or officials and members, employees or officials of another agency, . . . contemplated or proposed policy or course of action or any research, memos or other documents used in the predecisional deliberations." 65 P.S. § 67.708(b)(10)(i)(A).

[6] SERS did not pursue this third claim before OOR. Accordingly, OOR did not address this claim in its Final Determination. OOR Final Determination at 2 n.2.

Requester appealed to OOR, challenging the denial and grounds stated for nondisclosure. Appeal of Denial, 11/17/2020. OOR invited both parties to supplement the record and directed SERS to notify any appropriate third parties of their interest in the appeal. OOR Final Determination at 2. Thereafter, OOR granted Singerman's request to participate.[7] Both SERS and Singerman supplemented the record with affidavits supporting SERS' denial. *See* SERS' Position Statement, 1/29/21, Ex. 3 (Felix Affidavit); Singerman's Position Statement, 1/29/21, Ex. A (Singerman Affidavit) (collectively, Affidavits).

On March 15, 2021, OOR issued a Final Determination, granting in part and denying in part Requester's appeal. OOR determined that the Affidavits established that the materials provided by Singerman were entrusted to SERS under strict confidentiality agreements and that the disclosure of the records and information contained therein would result in both competitive harm to Singerman and SERS and a detrimental impact on the value of an investment for which the board acts as a fiduciary. OOR Final Determination at 16-20.

Specifically, OOR concluded that SERS could withhold the Investor Presentation, PPM, Term Sheet, and Draft LPA under the confidentiality exception of the Retirement Code. OOR Final Determination at 16. OOR further concluded that the NEPC Due Diligence Research Report and the NEPC Recommendation Summary were exempt under the substantial competitive harm and substantial detrimental impact exemptions under the Retirement Code. OOR Final Determination, at 19-20. However, OOR also concluded that the Affidavits failed to establish how a two-sentence portion of the Recommendation for Board Interview and Investment Memoranda constituted a trade secret under Section 708(b)(11) of

---

[7] *See* Section 1101(c) of the RTKL, 65 P.S. § 67.1101(c).

the RTKL. OOR Final Determination at 24. Thus, OOR directed SERS to produce this document. *Id.* at 25.

Requester timely appealed.[8]

## II. ISSUES

On appeal, Requester contends that OOR erred in concluding that the records requested are exempt under the Retirement Code. According to Requester, the evidence submitted by SERS and Singerman was insufficient to establish that the documents were subject to a confidentiality agreement. *See* Pet'r's Br. at 16-17 (specifically noting the lack of evidence addressing the duration of the confidentiality agreement and whether it remained operative). Further, according to Requester, there was insufficient or contradictory evidence to establish that disclosure would cause substantial competitive harm to SERS or detrimental impact to its investments. *See id.* at 17-20.

In response to these arguments, SERS maintains that the records requested are exempt from disclosure under both Section 5902(e)(2) of the Retirement Code and Section 708(b)(11) of the RTKL. *See* Resp't's Br. at 15. According to SERS, the Affidavits submitted were sufficient to establish that these documents contain confidential information, and that disclosure would cause substantial competitive harm to both SERS and Singerman, as well as a substantial detrimental impact to SERS' investments. *See* Resp't's Br. at 15-45.[9]

---

[8] This Court's standard of review of an OOR Final Determination under the RTKL is *de novo*, and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013). "[W]e may substitute our own findings of fact for that of the agency or rely upon the record created below." *Pa. State Police v. Muller*, 124 A.3d 761, 763 n.2 (Pa. Cmwlth. 2015).

[9] For its part, Singerman is largely in agreement with SERS' position on appeal. *See generally* Singerman's Br. at 13-26.

4

## III. DISCUSSION

Under the RTKL, information is only subject to disclosure if it is a "public record." Section 301(a) of the RTKL, 65 P.S. § 67.301(a). Pursuant to Section 305, however, records in the possession of a Commonwealth agency shall be presumed public unless (1) exempted under Section 708 of the RTKL; (2) protected by a privilege; or (3) exempted under any other federal or state law or regulation or judicial order. 65 P.S. § 67.305; *Crouthamel v. Dep't of Transp.*, 207 A.3d 432, 437 (Pa. Cmwlth. 2019).

The agency receiving a RTKL request bears the burden of proving that the record is exempt by a preponderance of the evidence. Section 708(a)(1) of the RTKL, 65 P.S. § 67.708(a)(1). A preponderance of the evidence is such evidence as would lead a factfinder to find that the existence of a contested fact is more probable than the nonexistence of the contested fact. *Off. of the Dist. Att'y of Phila. v. Bagwell*, 155 A.3d 1119, 1130 (Pa. Cmwlth. 2017).

In appeals involving a Commonwealth agency, Section 1101(b)(1) of the RTKL charges an OOR appeals officer with the obligation of determining, in the first instance, whether an agency has met its burden of proof. 65 P.S. § 67.1101(b)(1). "Testimonial affidavits found to be relevant and credible may provide sufficient evidence in support of a claimed exemption." *McGowan v. Pa. Dep't of Env't Prot.*, 103 A.3d 374, 381 (Pa. Cmwlth. 2014); *see also Hodges v. Pa. Dep't of Health*, 29 A.3d 1190 (Pa. Cmwlth. 2011). However, conclusory affidavits are not sufficient to justify an exemption. *Off. of Governor v. Scolforo*, 65 A.3d 1095, 1104 (Pa. Cmwlth. 2013). The evidence must be specific enough to permit this Court to ascertain how disclosure of the entries would reflect that the records sought fall

5

within the proffered exemptions. *Carey v. Pa. Dep't of Corr.*, 61 A.3d 367, 375-79 (Pa. Cmwlth. 2013).

The Retirement Code mandates that its administrative board shall maintain "a record of all its proceedings which shall be open to access by the public." 71 Pa.C.S. § 5902(e)(1). The records at issue here deal with private market real estate investments, which are defined under the Retirement Code as "alternative investments," *i.e.*, "an investment in a private equity fund, private debt fund, venture fund, real estate fund, hedge fund or absolute return fund." 71 Pa.C.S. § 5102. The administrative board is empowered "in its prudent discretion" to make such investments. 71 Pa.C.S. § 5931(h).

Under the Code, records pertaining to alternative investments do not constitute public records subject to disclosure if, in the reasonable judgment of the board: (1) the records are subject to a confidentiality agreement; (2) their public access would cause substantial competitive harm; or (3) their public access would have a substantial detrimental impact on the value of an investment. *See* 71 Pa.C.S. § 5902(e)(2)(i)-(iii). However, the Retirement Code limits these exemptions. For example, the Code provides that investment information excluded as confidential shall be deemed a public record subject to disclosure once the board is no longer required to maintain confidentiality. 71 Pa.C.S. § 5903(e)(3)(i). Records subject to the competitive harm exemption shall be subject to disclosure once access to the documents would no longer cause substantial competitive harm or the entity which made the investment is liquidated, whichever is later. 71 Pa.C.S. § 5903(e)(3)(ii). Similarly, records subject to the detrimental impact exemption shall be subject to disclosure when access to the documents would no longer have a substantial detrimental impact or the entity which made the investment is liquidated. *See* 71

6

Pa.C.S. § 5902(e)(3)(iii). In each of these provisions, there is a temporal element that limits the board's ability to withhold records from the public.

**A. The Investor Presentation, Term Sheet, PPM and Draft LPA are Exempt from Disclosure under Section 5902(e)(2)(i) the Retirement Code**

Requester contends that the Affidavits are insufficient to establish that the requested records are exempt from disclosure for confidentiality under Section 5902(e)(2)(i) of the Retirement Code. We disagree.

According to the Felix Affidavit, the responsive documents are not publicly available, and "SERS obtained the Investor Presentation, Term Sheet, PPM, and Draft LPA on the condition of maintaining their confidentiality and that SERS is contractually required to maintain the confidentiality of the requested records." *See* Felix Aff., ¶ 36. Mr. Felix clearly stated that SERS is bound by an agreement and that the requested records remain subject to confidentiality. *See id*., ¶ 61 ("SERS accepted delivery of [Singerman's] Investor Presentation and is bound by the stated conditions of maintaining confidentiality that such acceptance requires, including not publishing, distributing or otherwise making it accessible to the public or anyone without a legitimate business reason to observe the record."); *see also id.*, ¶¶ 74, 109, 128. Mr. Singerman's Affidavit corroborates that SERS was provided the documents by way of an active agreement. Singerman Aff., ¶ 6. ("SERS was only allowed to view [Singerman's] Investor Presentation and Marketing Materials upon its agreement to maintain their confidentiality, because the materials contain sensitive investment and financial information relating to [Singerman's] investment vehicles."). This is because the Investor Presentations and Marketing Materials

"include not only data on past performance, but also forward-looking projections and future strategies that SRE intends to execute." Singerman Aff., ¶ 15.

Based on this language, it is clear that SERS remains subject to a confidentiality agreement. We find these statements sufficient for OOR to conclude that the Investor Presentation, Term Sheet, PPM and Draft LPA are exempt from disclosure under Section 5902(e)(2)(1) the Retirement Code.

Relying on *Scolforo*, Requester contends that SERS failed to provide evidence of the current validity and duration of the confidentiality agreement. In that case, the Office of the Governor (Office) redacted certain information from the Governor's calendar, asserting that this information was protected by the pre-decisional deliberation exception. *Scolforo*, 65 A.3d at 1098. In support of this assertion, the Office submitted an affidavit, which stated that the redactions "were reflective of internal deliberations that preceded decisions related to" various enumerated subjects. *Id.* at 1104. This Court concluded that the affidavit was legally insufficient to satisfy the elements of the pre-decisional deliberation exemption because it contained no specifics; rather, the affidavit merely "track[ed] the language of the exception it presupposes, rather than prove[] with sufficient detail, that the redacted [c]alendar entries are reflective of internal deliberations and, therefore, exempt from disclosure." *Id*.

In contrast, the Affidavits in this matter contain the specific facts, including that the documents contain sensitive, forward-looking information and that SERS remains bound by agreement to protect this information. *See, e.g.*, Felix Aff., ¶ 36, *see also* Singerman Aff., ¶¶ 6, 15. These facts are sufficient to enable OOR to conclude that the Investor Presentation, Term Sheet, PPM, and Draft LPA were given to SERS by way of a confidentiality agreement and remain subject to the

8

confidentiality agreement. Therefore, the Affidavits are sufficient to establish that the Investor Presentation, Term Sheet, PPM and Draft LPA are exempt from disclosure under Section 5902(e)(2)(i) of the Retirement Code.

**B. The NEPC Due Diligence Report and NEPC Recommendation Summary are Exempt from Disclosure under Section 5902(e)(2)(ii) the Retirement Code**

Requester contends also that the Felix Affidavit presented contradictory evidence as to whether disclosure would cause "substantial harm" to SERS or its investments. *See id.* We disagree.

In his Affidavit, Mr. Felix attested that the NEPC Due Diligence Report and NEPC Recommendation Summary are not publicly shared and are subject to limited access. *See* Felix Aff., ¶¶ 91, 94, 100. Further, according to Mr. Felix, disclosure of the NEPC Due Diligence Report and NEPC Recommendation Summary would be harmful to SERS because it would put recommendations into the hands of competitors. *Id.*, ¶ 95 ("Disclosing the NEPC Due Diligence Report could cause the following harm to SERS: putting the [board] at a negotiating disadvantage, allowing competitors to reap the benefits of the report without the cost, diminishing the negotiating power the [board] has with [Singerman] in any subsequent negotiations, as [Singerman] would be informed of the [b]oard's knowledge of its strengths and weaknesses; [and] chilling future business opportunities between SERS and [Singerman].") *see also id.*, ¶ 101. Additionally, Mr. Felix attested that disclosure of the NEPC Due Diligence Report and NEPC Recommendation Summary would harm SERS' reputation. *Id.*, ¶ 97 ("Granting access to the NEPC Due Diligence Report would be harmful to SERS because it

9

would irreparably damage SERS' reputation as a private markets investor with an ongoing ability to maintain the confidentiality of private markets investments['] non-public documents"). *See also id.*, ¶ 102. Lastly, Mr. Felix noted that disclosure of the NEPC Due Diligence Report would directly harm Singerman by "publicizing any information in the report deemed to be negative, its performance history and identified vulnerabilities." *See id*., ¶ 96.

Here, the Felix Affidavit is clear that the disclosure of the NEPC Due Diligence Report and NEPC Recommendation Summary will result in competitive harm to both SERS and Singerman. The Affidavit is not conclusory but rather "specific enough to permit this Court to ascertain how disclosure of the entries would reflect that the records sought fall within the proffered exemptions." *See Carey*, 61 A.3d at 375-79; *Scolforo*, 65 A.3d at 1104.

Requester suggests that SERS has tied "substantial harm" to its claim of confidentiality. Thus, Requester asserts, because it is impossible on this record to ascertain whether SERS remains subject to a confidentiality agreement, it is further impossible to evaluate SERS' claim that a breach of confidentiality would cause substantial competitive harm to SERS or Singerman. This argument is without merit. Firstly, we note that Requester conflates the two exemptions of the Retirement Code and reiterate that it is evident from the Affidavits that *some* of the requested records are exempt due to confidentiality. Secondly, even if some of the records were not conditioned upon a confidentiality agreement, the Felix Affidavit states that the NEPC Due Diligence Report and NEPC Recommendation Summary are non-public documents that contain sensitive information, which if released would advantage Singerman's and SERS' competitors. *See* Felix Aff., ¶¶ 91, 94, 96, 100. From this we can infer that disclosure of these documents would cause substantial competitive

harm. Accordingly, the Felix Affidavit is sufficient to establish that the NEPC Due Diligence Report and NEPC Recommendation summary are exempt from disclosure under Section 5902(e)(2)(ii) of the Retirement Code.[10, 11]

## IV. CONCLUSION

Based on the foregoing, OOR did not err in determining that the requested documents were exempt from disclosure under the Retirement Code. Accordingly, we affirm.

_____
LORI A. DUMAS, Judge

Judge Wallace did not participate in the decision in this case.

---

[10] Upon concluding that the documents are exempt under Section 5902(e)(2)(i) and Section 5902(e)(2)(ii) of the Retirement Code, this Court need not discuss whether the documents are also exempt under Section 5902(e)(2)(iii).

[11] Because we find that the requested documents are exempt under the Retirement Code, we need not discuss in detail whether the documents are also exempt under Section 708(b)(11) of the RTKL. Nevertheless, the documents would be exempt under that provision as well. The Felix Affidavit is sufficient to establish that the Due Diligence Report and NEPC Recommendation Summary constitute trade secrets. *See generally Crouthamel v. Dep't of Transp.*, 207 A.3d 432, 438-39 (Pa. Cmwlth. 2019). The Investor Presentation, Term Sheet, PPM and Draft LPA contain confidential proprietary information that, if revealed, would result in substantial harm to Singerman and SERS. *See generally Smith ex rel. Smith Butz, LLC v. Pa. Dep't of Env't Prot.*, 161 A.3d 1049, 1064 (Pa. Cmwlth. 2017).

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ginger Davis,                              :
                    Petitioner             :
                                           :
        v.                                 :    No. 399 C.D. 2021
                                           :
Pennsylvania State Employees               :
Retirement System (SERS)                   :
(Office of Open Records),                  :
                    Respondent             :

# **O R D E R**

AND NOW, this 27th day of October, 2022, the Final Determination of the Office of Open Records dated March 15, 2021, is AFFIRMED.

---

LORI A. DUMAS, Judge