**George E. MITCHELL Jr., Petitioner**

v.

**OFFICE OF OPEN RECORDS,
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 19, 2010.

Decided June 29, 2010.

George E. Mitchell, petitioner, pro se.

Corinna V. Wilson, Chief Counsel, Harrisburg, for respondent.

R. H. Hawn, Jr., Asst. Counsel and Barbara L. Christie, Chief Counsel, Harrisburg, for intervenor, Pennsylvania State Police.

BEFORE: McGINLEY, Judge, BROBSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

George E. Mitchell, Jr., (Mitchell) petitions, *pro se,* for review of a determination

of the Office of Open Records (Office) which denied Mitchell's appeal from the Pennsylvania State Police's (PSP) denial of Mitchell's request for records that show the arrival and departure times of officers in serving a search warrant, pursuant to the Right–to–Know Law (RTKL), 65 P.S. §§ 67.101–67.3104.[1] We affirm.

On March 23, 2009, Mitchell, an inmate at the State Correctional Institution at Fayette, filed a request with the PSP seeking copies of any documents showing the time the officers arrived and departed from Mitchell's residence on April 11, 2006, in serving a search warrant on behalf of the Attorney General's Office.

On March 24, 2009, Jay Reader, Deputy Agency of Open Records Officer, informed Mitchell that the PSP would require an additional thirty (30) days to determine whether any of the requested records were "public" under the RTKL.

In a letter dated April 30, 2009, the PSP stated that they had only "identified a single responsive PSP criminal investigative record. However, RTKL expressly exempts criminal investigative records from public disclosure. Section 708 of the RTKL, 65 P.S. § 67.708(b)(16). Furthermore, the Criminal History Records Information Act ("CHRIA"), [Act of July 16, 1979, P.L. 116, *as amended,*] 18 Pa.C.S. §§ 9101–9183, prohibits PSP from disclosing any investigative records and other protected information in its possession to anyone, except qualified criminal justice agents and agencies. § 9106(c)(4)." Letter, at 2. The PSP further set forth a copy of the RTKL Field Liaison Officer for PSP Troop A–Greensburg Station, Lieutenant Gary L. Schuler's, verification which was executed on April 30, 2009. This verifica-

tion set forth that Lieutenant Schuler thoroughly searched the records and only found a criminal investigative record, a copy of which he provided to the PSP. He found no other responsive records. Lieutenant Schuler further stated that any radio dispatch logs that were generated at the PSP are purged one year after their creation. Thus, any radio dispatch logs generated on April 11, 2006, no longer existed at the time of the request in March of 2009. The PSP denied Mitchell's request for access to records under the RTKL. Mitchell appealed to the Office.

The Office requested the PSP "advise [it of] what the record is." Office Letter, June 10, 2009. In response, the PSP submitted an affidavit of Jay Leader, Deputy Agency Open Records Officer. Officer Leader explained that the record in question was "a single-page Automated Incident Memo System (AIMS) query response dated March 23, 2009 . . . ." Affidavit, June 11, 2009, at 2. Officer Leader set forth the following:

8. This AIMS record contains facts regarding the involvement of PSP troopers in the execution of a search warrant on April 11, 2006:

a. By its content, the record manifestly pertains to a criminal investigation. Thus, I determined the record to be entirely exempt from public disclosure under 65 P.S. § 67.708(b)(16)(ii), either as a criminal investigative report, as correspondence regarding a criminal investigation, or as other investigative material.

b. Because of its content, the disclosure of this record [would] obviously reveal the institution, progress or result of a criminal investigation. However,

---

1. Act of February 14, 2008, P.L. 6.

the record does not pertain to the filing of criminal charges. Accordingly, I also determined the record to be entirely exempt from public disclosure under 65 P.S. § 67.708(b)(16)(vi)(A).

c. Finally, the content of this record is clearly "[i]nformation assembled as a result of the performance of an inquiry, formal and informal, into a criminal incident ...," and thus, constitutes "investigative information," as defined by the ... CHRIA....

Affidavit, at 2–3.

■ The Office determined that the record Mitchell requested would reveal the institution, progress or result of a criminal investigation. Therefore, the record was determined to be exempt from public release pursuant to 65 P.S. § 67.708(b)(16)(vi)(A). The Office denied Mitchell's appeal and now Mitchell petitions this court for review.[2]

■ Mitchell contends that the Office incorrectly interpreted, defined and designated the requested record as a criminal investigative record. Mitchell further contends that the document is not exempt from public dissemination under the RTKL and the CHRIA, that the Office erred in denying the whole document and not just the part that may be exempt, and in impeding, frustrating and denying Mitchell's constitutional rights by withholding documents that will expose crimes without further investigation.

Section 102 of the RTKL defines the term "record" as:

Information, regardless of physical form or characteristics, that documents a transaction or activity of an agency and that is created, received or retained pursuant to law or in connection with a transaction, business or activity of an agency. The term includes a document, paper, letter, map, book, tape, photograph, film or sound recording, information stored or maintained electronically and a data-processed or image-processed document.

65 P.S. § 67.102. The RTKL defines the term "public record" as follows:

A record, including a financial record, of a Commonwealth or local agency that:

(1) is not exempt under section 708;

(2) is not exempt from being disclosed under any other Federal or State law or regulation or judicial order or decree; or

(3) is not protected by a privilege.

*Id.* The PSP and the Office determined that the document Mitchell is seeking is not a "public record" pursuant to the RTKL.

Section 708 of the RTKL provides that the Commonwealth has the burden of proving a record exempt by a preponderance of the evidence.[3] 65 P.S. § 67.708(a). The Commonwealth in this matter provided an attestation from Lieutenant Schuler,

---

**2.** "[A] reviewing court, in its appellate jurisdiction, independently reviews the OOR's [Office's] orders and may substitute its own findings of fact for that of the agency." *Bowling v. Office of Open Records,* 990 A.2d 813, 818 (Pa.Cmwlth.2010).

**3.** A "preponderance of the evidence" is defined as "[t]he greater weight of the evidence

... evidence that has the most convincing force; superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other...." Black's Law Dictionary 1301 (9th ed. 2009).

who personally searched the PSP files for any responsive records. Lieutenant Schuler found only a single record, the AIMS report, which he determined was a criminal investigative record. Section 708 of the RTKL sets forth, in pertinent part, that criminal investigative records are exempt from access by the public as follows:

(b) Exceptions.—Except as provided in subsections (c) and (d), the following are exempt from access by a requester under this act:

* * *

(16) A record of an agency relating to or resulting in a criminal investigation, including:

* * *

(ii) Investigative materials, notes, correspondence, videos and reports.

* * *

(vi) A record that, if disclosed, would do any of the following:

(A) Reveal the institution, progress or result of a criminal investigation, except the filing of criminal charges....

This paragraph shall not apply to information contained in a police blotter as defined in 18 Pa.C.S. § 9102 (relating to definitions) and utilized or maintained by the Pennsylvania State Police....

65 P.S. § 67.708(b)(16)(ii), (vi)(A).[4] The PSP determined that the AIMS report was a criminal investigative record and, pursuant to the RTKL, was exempt from access by the public. The PSP's denial letter appropriately identified the record requested by Mitchell and cited the legal basis for its denial pursuant to Section 903 of the RTKL. 65 P.S. § 67.903 (agency denial must be in writing and include a description of the record requested and specific reasons for the denial, including legal authority).

Further, during the appeal process, at the request of the Office, the PSP submitted a sworn and notarized affidavit from Officer Leader, the Deputy Agency Open Records Officer at the PSP. Such affidavit provided credible evidence sufficient to support the PSP's denial of Mitchell's request on the basis that the record relates to a criminal investigation under Section 708(b)(16) of the RTKL. The Office did not err in determining that the PSP met its burden of proof.

■ Mitchell further argues that the AIMS record was not an investigative record, but an incident report, which is the equivalent of a police blotter and therefore, a public record pursuant to CHRIA.

CHRIA concerns the collection, maintenance, dissemination and receipt of criminal history record information. CHRIA defines "Criminal history record information" as:

Information collected by criminal justice agencies concerning individuals, and arising from the initiation of a criminal proceeding, consisting of identifiable descriptions, dates and notations of arrests, indictments, informations or other formal criminal charges and any dispositions arising therefrom. **The term does not include** intelligence information, in-

---

4. A "police blotter" is defined in Section 9102 of CHRIA as:

A chronological listing of arrests, usually documented contemporaneous with the in-

cident, which may include, but is not limited to, the name and address of the individual charged and the alleged offenses.
18 Pa.C.S. § 9102.

**vestigative information** or treatment information, including medical and psychological information, or information and records specified in section 9104 (relating to scope). (Emphasis added).

18 Pa.C.S. § 9102. Investigative information is defined as "[i]nformation assembled as a result of the performance of any inquiry, formal or informal, into a criminal incident or an allegation of criminal wrongdoing and may include modus operandi information." 18 Pa.C.S. § 9102.

The record reflects that the AIMS record pertains to a criminal investigation regarding the PSP's involvement in the execution of a search warrant on April 11, 2006. The PSP stated that the AIMS record contains "[i]nformation assembled as a result of the performance of an inquiry, formal and informal, into a criminal incident...." Affidavit, at 2–3. Thus, the PSP was correct in determining that the

AIMS record constituted "investigative information," and was not a public record as defined by CHRIA.

Accordingly, we must affirm the order of the Office denying Mitchell's appeal.

### ORDER

AND NOW, this 29th day of June, 2010 the order of the Office of Open Records in the above-captioned matter is affirmed.