# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William J. Cluck, Esquire, :
                 Petitioner :
                 :
         v. : No. 1683 C.D. 2018
                 : Argued: September 17, 2019
Department of Conservation :
and Natural Resources, :
                 Respondent :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**            **FILED: October 24, 2019**


William J. Cluck, Esquire (Petitioner), petitions for review of the November 26, 2018 final determination (Final Determination) of the Pennsylvania Office of Open Records (OOR) under the Right-to-Know Law (RTKL).[1] The OOR denied Petitioner's appeal because the requested documents were protected by a federal court order (Order) and, thus, were exempt from public access under the RTKL. On appeal, Petitioner asks this Court to conduct an *in camera* review of the Order, require the Department of Conservation and Natural Resources (DCNR) to prepare an exemption log detailing the Federal Bureau of Investigation's (FBI) excavation in the Dent's Run area of Pennsylvania state forest property in Elk

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-.3104.

County, Pennsylvania, and provide the docket number for the Order. Having conducted an *in camera* review, we reverse OOR's Final Determination.

Petitioner, a Pennsylvania licensed attorney, represents Finders Keepers LLC (Finders), a treasure hunting company. (Reproduced Record (R.R.) at R.16.) As part of Petitioner's appeal to OOR, Petitioner asserted the following background information. Finders met with the FBI and an Assistant United States Attorney on January 26, 2018, to discuss "an alleged Civil War-era cache of gold in the Dent's Run area." (*Id.*) "The FBI opened an investigation and met with Finders . . . at the site on February 23, 2018, along with the FBI contractor, Enviroscan." (*Id.*) Thereafter, in March 2018, the FBI informed Finders "that Enviroscan had located with [its] equipment a large metal target, around seven to nine tons in mass." (*Id.*) Around that same time, the FBI, pursuant to a federal warrant and with representatives of DCNR present, "entered the State [F]orest property and excavated in the area where Finders . . . had identified the potential Civil War-era cache." (*Id.*) "The FBI claims that no material was found during the investigation." (*Id.*)

Petitioner subsequently filed a request for records under the RTKL with DCNR, seeking any communications between DCNR and the FBI regarding the excavation of Dent's Run. (*Id.* at R.6.) DCNR acknowledged Petitioner's request for records on September 13, 2018, and notified Petitioner that DCNR would need an additional thirty days to respond to his records request. (*Id.* at R.30.) By letter dated October 15, 2018, DCNR denied Petitioner's request for records on the basis that the records were "sealed pursuant to [a] federal court order" and were, therefore, exempt from disclosure by DCNR under the RTKL. (*Id.* at R.31.) DCNR attached to its denial a letter from Assistant United States Attorney K.T. Newton (U.S.

2

Attorney Newton), which provided that "the FBI's investigation of this matter is continuing, and all documents remain under [federal court] seal."[2] (*Id.* at R.31, R.35.)

On October 26, 2018, Petitioner appealed DCNR's denial of his records request to OOR. (*Id.* at R.2.) In response to the appeal, DCNR provided to OOR an affidavit of DCNR's Chief Counsel, Audrey Feinman Miner (Chief Counsel), dated November 7, 2018. In the affidavit, the Chief Counsel states that on March 12, 2018, she was personally served with the Order, which concerned "a pending federal criminal investigation (Investigation) by the [FBI] and the United States Attorney's Office for the Eastern District of Pennsylvania" (U.S. Attorney's Office), which contained the words "Filed Under Seal." (*Id.* at R.33.) According to the affidavit, U.S. Attorney Newton and other federal officials informed the Chief Counsel at that time that "all conversations and communication concerning the Investigation were confidential pursuant to the . . . Order." (*Id.*) All communications with DCNR by the FBI and U.S. Attorney's Office concerning the Investigation were handled through the Chief Counsel, and none of the communications have been shared with anyone outside of her chain of command at the Governor's Office of General Counsel. (*Id.*) After DCNR's receipt of Petitioner's RTKL request, the Chief Counsel contacted U.S. Attorney Newton to inquire as to the current status of the Investigation, and U.S. Attorney Newton informed her that "the Investigation is still continuing and that all communication, records, and the Order" are protected. (*Id.* at R.34.) The Chief Counsel requested U.S. Attorney Newton to confirm their conversation in writing, which he did. (*Id.* at R.34, R.36.) The Chief Counsel

---

[2] The letter from U.S. Attorney Newton references "Magistrate No. 18-361-m (USDC E.D. Pa.)," but it does not otherwise identify the "matter" to which U.S. Attorney Newton refers. (R.R. at R.35.)

attached a copy of the letter to her affidavit, in which U.S. Attorney Newton stated that "the FBI's investigation of this matter is continuing, and all documents remain under seal."[3]  (*Id.*)

On November 26, 2018, OOR denied Petitioner's appeal on the basis that the requested records were protected by the Order and were, therefore, not subject to release under the RTKL.  (OOR Final Determination at 5.)  Furthermore, OOR determined that DCNR met its burden to prove that the requested records were exempt from mandated release under the RTKL because the Chief Counsel's affidavit was sufficient evidence to meet the agency's burden of proof.  (*Id.*)

Petitioner now petitions this Court for review,[4] arguing that OOR erred as a matter of law or abused its discretion when it considered only the Chief Counsel's affidavit regarding the Order and did not consider the physical Order itself.  Petitioner asks this Court to conduct an *in camera* review of the Order, require DCNR to prepare an exemption log detailing the FBI's excavation in the Dent's Run area of the Pennsylvania state forest property in Elk County, Pennsylvania, and provide the docket number for the Order.  Following oral argument, the Court issued an order directing DCNR to submit to the Court for *in camera* review a copy of the Order.[5]  DCNR, thereafter, provided the Court with a copy of the Order, which the Court sealed until further order of the Court and made part of the record.

---

[3] As with the earlier letter from U.S. Attorney Newton, this letter references "Magistrate No. 18-361-m (USDC E.D. Pa.)," but it does not otherwise identify the "matter" to which U.S. Attorney Newton refers.  (R.R. at R.35, R.36.)

[4] On appeal from OOR in RTKL cases, this Court's standard of review is *de novo* and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

[5] The Court ordered the *in camera* review because the affidavit of DCNR's Chief Counsel does not inform the Court of the substance of the Order nor does it establish that the records sought pursuant to Petitioner's RTKL request—*i.e.*, "*communications* with the FBI concerning FBI

"[T]he objective of the RTKL 'is to empower citizens by affording them access to information concerning the activities of their government.'" *Levy v. Senate of Pa.*, 65 A.3d 361, 381 (Pa. 2013) (quoting *SWB Yankees LLC v. Wintermantel*, 45 A.3d 1029, 1042 (Pa. 2012)). Furthermore, "courts should *liberally construe* the RTKL to effectuate its purpose of promoting 'access to official government information in order to prohibit secrets, scrutinize actions of public officials, and make public officials accountable for their actions.'" *Id.* (quoting *Allegheny Cty. Dep't of Admin. Servs. v. A Second Chance, Inc.*, 13 A.3d 1025, 1034 (Pa. Cmwlth. 2011)). Generally, the RTKL requires state and local agencies to provide access to public records[6] that are within their possession upon request.[7] Section 102 of the RTKL, 65 P.S. § 67.102, defines a "public record," in part, as "[a] record, including a financial record, of a Commonwealth or local agency that . . . is not exempt from being disclosed under any other Federal or State law or regulation or *judicial order* or decree." (Emphasis added.) Furthermore, Section 305 of the RTKL makes clear that the presumption that a record within an agency's possession

---

excavation at Dent's Run, Elk County"—are protected by the Order. In other words, the affidavit does not satisfy the Court that the Order actually protects the requested documents from disclosure.

[6] Section 102 of the RTKL, 65 P.S. § 67.102, defines "public record," in full, as:

A record, including a financial record, of a Commonwealth or local agency that: (1) is not exempt under [S]ection 708 [of the RTKL]; (2) is not exempt from being disclosed under any other Federal or State law or regulation or *judicial order* or decree; or (3) is not protected by a privilege.

(Emphasis added.) Section 102 of the RTKL defines "record" as:

Information, regardless of physical form or characteristics, that documents a transaction or activity of an agency and that is created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency. The term includes a document, paper, letter, map, book, tape, photograph, film or sound recording, information stored or maintained electronically and a data-processed or image-processed document.

[7] *See* Sections 301, 302, and 605 of the RTKL, 65 P.S. §§ 67.301, 67.302, and 67.605.

is a public record does not apply if it is proven that "(1) the record is exempt under Section 708 of the RTKL, (2) the record is protected by a privilege, or (3) the record is exempt from disclosure under any other Federal or State law or regulation or *judicial order* or decree." (Emphasis added.) The agency that has received the RTKL request bears the burden to prove, by a preponderance of the evidence, that the requested record is exempt from disclosure under the RTKL. 65 P.S. § 67.708(a)(1). The preponderance of the evidence standard, "the lowest evidentiary standard, is tantamount to a more likely than not inquiry." *Del. Cty. v. Schaefer ex rel. Phila. Inquirer*, 45 A.3d 1149, 1156 (Pa. Cmwlth. 2012) (en banc).

Neither the RTKL nor Pennsylvania case law describes the required mechanism that an agency must utilize in meeting its burden to prove that the requested record is exempt from disclosure. This Court has held that a sworn testimonial affidavit submitted by an agency is sufficient evidence to prove that the requested record qualifies for an exemption from disclosure when the presented affidavit is relevant and credible and provides a specifically detailed explanation of the agency's rationale in not disclosing a requested record. *Twp. of Worcester v. Office of Open Records*, 129 A.3d 44, 60 (Pa. Cmwlth. 2016); *Office of the Governor v. Scolforo*, 65 A.3d 1095, 1103-04 (Pa. Cmwlth. 2013) (en banc); *Mitchell v. Office of Open Records*, 997 A.2d 1262, 1265 (Pa. Cmwlth. 2010). "[A] generic determination or conclusory statements are not sufficient to justify the exemption of public records." *Scolforo*, 65 A.3d at 1103.

A review of the Order reveals that, although filed under seal, the Order does not protect or otherwise prohibit disclosure of communications between the FBI and DCNR regarding the excavation at Dent's Run. Furthermore, the Order does not provide any conceivable basis for the withholding of the requested records

6

under the RTKL, with the sole exception being the Order itself, which is filed under seal. Thus, DCNR has failed to meet its burden to prove that the requested records, other than the Order, are exempt from disclosure under the RTKL.

Accordingly, we reverse OOR's final determination and direct DCNR to produce the requested documents with the exception of the Order.

_____
P. KEVIN BROBSON, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William J. Cluck, Esquire, :
                  Petitioner :
                             :
                             :
          v. : No. 1683 C.D.  2018
                             :
Department of Conservation :
and Natural Resources, :
                Respondent :

# O R D E R

AND NOW, this 24th day of October, 2019, the Final Determination of the Office of Open Records is REVERSED, and the Department of Conservation and Natural Resources is directed to produce the documents sought by Petitioner pursuant to his request under the Right-To-Know Law, Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-.3104, in accordance with the foregoing Opinion.

<br>

                                                     
_____

                                          P. KEVIN BROBSON, Judge