# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William J. Cluck, Esquire,        :
                Petitioner        :
                :
       v.                 :    No. 368 C.D. 2020
                :    Argued: December 7, 2020
Department of Conservation        :
and Natural Resources,        :
                Respondent    :

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge[1]
                HONORABLE J. ANDREW CROMPTON, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**              **FILED: January 28, 2021**

William J. Cluck, Esquire (Petitioner) petitions for review of a final determination (Final Determination) of the Pennsylvania Office of Open Records (OOR), dated March 17, 2020, which granted, in part, and denied, in part, Petitioner's appeal under the Right-to-Know Law (RTKL).[2] Petitioner's request sought certain records from the Department of Conservation and Natural Resources (DCNR), relating to an alleged excavation by the Federal Bureau of Investigation (FBI) in the Dent's Run area of Pennsylvania state forest property in Elk County, Pennsylvania. OOR granted Petitioner's appeal to the extent that it concluded that

---

[1] This case was assigned to the opinion writer prior to January 4, 2021, when Judge Brobson became President Judge.

[2] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-.3104.

DCNR improperly denied access to certain records based on the attorney-client privilege. OOR denied the appeal to the extent that it determined that a requested record, *i.e.*, a search warrant, did not exist and that a Federal Writ of Entry with attached Federal Seizure Warrant (collectively, Writ) that is in DCNR's possession is not subject to access. On appeal, Petitioner asks this Court to conduct an *in camera* review of the Writ to determine whether it is subject to disclosure pursuant to Petitioner's request for a search warrant. In addressing this issue, we will consider our memorandum opinion and order in *William Cluck v. Department of Conservation and Natural Resources* (Pa. Cmwlth., No. 1683 C.D. 2018, filed October 24, 2019) (*Cluck I*), wherein we considered a 2018 RTKL request by Petitioner to DCNR relating to the same alleged excavation of the Dent's Run area and concluded that a federal court order related thereto was protected from public access.[3] Having conducted an *in camera* review, we now affirm OOR's Final Determination.

## I. BACKGROUND

Petitioner, a Pennsylvania licensed attorney, represents Finders Keepers LLC (Finders), a treasure hunting company. As alluded to above, Petitioner filed a RTKL request with DCNR in 2018, seeking certain records relating to the alleged excavation of the Dent's Run area by the FBI. (Reproduced Record (R.R.) at R.4a-R.5a.) "DCNR denied Petitioner's request for records on the basis that the records were 'sealed pursuant to [a] federal court order' and were, therefore, exempt from disclosure by DCNR under the RTKL." (*Id.* at R.5a.) DCNR attached to its denial a letter from Assistant United States Attorney K.T. Newton (U.S. Attorney

---

[3] A copy of this Court's opinion and order in *Cluck I* are set forth in the Reproduced Record of this matter at R.4a-R.11a.

Newton), which provided that "the FBI's investigation of this matter is continuing, and all documents remain under [federal court] seal." (*Id.* at R.5a, R.6a.) Petitioner appealed the denial to OOR.[4] (*Id.* at R.6a.) OOR—without conducting an *in camera* review and relying solely on the affidavit of DCNR's Chief Counsel, Audrey Feinman Miner (Chief Counsel)—denied the appeal on the basis that the requested records were protected by a federal court order. (*Id.* at R.7a.) On appeal to this Court, following oral argument, the Court issued an order directing DCNR to submit to the Court under seal the federal court order for *in camera* review.[5] (*Id.* at R.7a.) Thereafter, we reversed OOR's final determination and directed DCNR to produce the requested records with the exception of the federal court order. (*Id.* at R.7a, R.10a.) DCNR provided Petitioner with the requested records on November 8, 2019. (*Id.* at R.50a, R.51a.)

---

[4] In our decision in *Cluck I*, we noted:

> As part of Petitioner's appeal to OOR, Petitioner asserted the following background information. Finders met with the FBI and an Assistant United States Attorney on January 26, 2018, to discuss "an alleged Civil War-era cache of gold in the Dent's Run area." "The FBI opened an investigation and met with Finders . . . at the site on February 23, 2018, along with the FBI contractor, Enviroscan." Thereafter, in March 2018, the FBI informed Finders "that Enviroscan had located with [its] equipment a large metal target, around seven to nine tons in mass." Around that same time, the FBI, pursuant to a federal warrant and with representatives of DCNR present, "entered the State [F]orest property and excavated in the area where Finders . . . had identified the potential Civil War-era cache." "The FBI claims that no material was found during the investigation."

(R.R. at R.5a (internal citations omitted).)

[5] The Court ordered the *in camera* review because the affidavit of Chief Counsel did not inform the Court of the substance of the federal court order nor did it establish that the records sought pursuant to Petitioner's RTKL request—*i.e.*, "*communications* with the FBI concerning FBI excavation at Dent's Run, Elk County"—were protected by the federal court order. *Cluck I*, (Pa. Cmwlth., No. 1683 C.D. 2018, filed September 19, 2019).

On November 27, 2019, Petitioner filed a second RTKL request, in relevant part, seeking a copy of the search warrant relied upon for the FBI's entry into the Dent's Run area. (*Id.* at R.70a.) DCNR denied the request for the search warrant, citing to this Court's memorandum opinion and order in *Cluck I* and contending that this Court "conducted an *in camera* review of the search warrant and held that [it] was filed under seal and therefore protected from disclosure under the RTKL." (*Id*. at R.74a.)

Petitioner appealed DCNR's denial to OOR on January 14, 2020. (*Id.* at R.76a.) In its position paper to OOR, DCNR stated that it "was never served with a search warrant. [It] was served with a Federal Writ of Entry which had a Federal Seizure Warrant attached to it . . . ." (*Id.* at R.64a.) DCNR provided a second affidavit from its Chief Counsel, dated January 27, 2020, in which she stated, in part:

> 2. On Monday, March 12, 2018, I was served in person with a Federal Court Order (Order) concerning a pending federal criminal investigation (Investigation) by members of the Federal Bureau of Investigation (FBI) and the United States Attorney's Office for the Eastern District of Pennsylvania (U.S. Attorney), which contained the words "Filed Under Seal."
>
> . . . .
>
> 9. Upon Receipt of . . . [Petitioner's First RTKL request dated September 13, 2018], I then contacted the Assistant U.S. Attorney to inquire as [to] the current . . . status of the Investigation.
>
> 10. The Assistant U.S. Attorney informed me that the Investigation was still active and that all communications, records and the Order itself are protected from disclosure pursuant to the Order.
>
> 11. I requested the Assistant U.S. Attorney confirm that conversation in writing and provide me with a letter that I could produce to . . . [OOR,] if necessary, which was subsequently provided to me by the Assistant U.S. Attorney.
>
> . . . .

4

**Search warrant served on DCNR in March 2018**

28. [DCNR] was never served with a search warrant by the FBI and/or the United States Attorney's Office for the Eastern District of Pennsylvania, Department of Justice (Department of Justice) in this matter.

29. Rather, [DCNR] was served with a Federal Writ of Entry which had a Federal Seizure Warrant attached to it, collectively referenced as the Order. [DCNR] interpreted . . . [Petitioner's Second RTKL request] as if the [Petitioner] asked for a copy of the Federal Seizure Warrant.

30. The Order, which was reviewed in its entirety by the Commonwealth Court *in camera*, was found to be filed under seal.

(R.R. at R.95a-R.101a.) OOR, relying on Chief Counsel's affidavit, determined that the Writ was not subject to access under the RTKL. (Final Determination at 5, 6.)

Petitioner appealed OOR's Final Determination to this Court. By order dated November 19, 2020, the Court directed DCNR to submit to this Court for *in camera* review (1) a copy of the federal court order that DCNR submitted to this Court for *in camera* review in *Cluck I*, and (2) a copy of the Writ pertaining to the alleged excavation in the Dent's Run area that DCNR asserts is protected from disclosure under the RTKL in the matter now before this Court. DCNR subsequently provided the Court with a copy of the documents as directed.

## II. ISSUE

On appeal,[6] Petitioner argues that OOR erred or abused its discretion when it relied on Chief Counsel's affidavit as sufficient evidence to demonstrate that the Writ was exempt from disclosure. Petitioner contends that OOR should have reviewed *in camera* the requested record to determine whether the actual wording

---

[6] In appeals from OOR in RTKL cases, this Court's standard of review is *de novo* and our scope of review is plenary. *Bowling v. Off. of Open Recs.*, 75 A.3d 453, 477 (Pa. 2013).

of the judicial "order" included the requested record. Thus, Petitioner seeks an *in camera* review of the Writ to determine if the Writ is also exempt from disclosure by the judicial order.[7]

### III. DISCUSSION

We are mindful that "the objective of the RTKL 'is to empower citizens by affording them access to information concerning the activities of their government.'" *Levy v. Senate of Pa.*, 65 A.3d 361, 381 (Pa. 2013) (quoting *SWB Yankees LLC v. Wintermantel*, 45 A.3d 1029, 1042 (Pa. 2012)). "[C]ourts should liberally construe the RTKL to effectuate its purpose of promoting 'access to official government information in order to prohibit secrets, scrutinize actions of public officials, and make public officials accountable for their actions.'" *Id.* (quoting *Allegheny Cnty. Dep't of Admin. Servs. v. A Second Chance, Inc.*, 13 A.3d 1025, 1034 (Pa. Cmwlth. 2011)). Generally, the RTKL requires state and local agencies to provide access to public records that are within their possession upon request.[8] Section 102 of the RTKL, 65 P.S. § 67.102, defines a "public record," in part, as "[a] record, including a financial record, of a Commonwealth or local agency that . . . is not exempt from being disclosed under any other Federal or State law or regulation or *judicial order* or decree." (Emphasis added.) Furthermore, Section 305 of the RTKL, 65 P.S. § 67.305, makes clear that the presumption that a record within an agency's possession is a public record does not apply if it is proven

---

[7] OOR also denied Petitioner's appeal to the extent that it permitted DCNR to redact a sentence in an email, dated November 22, 2019. On appeal, Petitioner sought to require DCNR to produce a non-redacted copy of that email. The parties informed the Court at oral argument on December 7, 2020, that DCNR has since provided Petitioner with an unredacted copy of the November 22, 2019 email. Accordingly, we will consider the issue moot for purposes of this appeal and not address it further.

[8] *See* Sections 301 and 302 of the RTKL, 65 P.S. §§ 67.301, .302.

that "(1) the record is exempt under Section 708 [of the RTKL, 65 P.S. § 67.708]; (2) the record is protected by a privilege; or (3) the record is exempt from disclosure under any other Federal or State law or regulation or judicial order or decree." Section 708(a)(1) of the RTKL, 65 P.S. § 67.708(a)(1), requires the agency that is receiving the RTKL request to bear the burden to prove, by a preponderance of the evidence, that the requested record is exempt from public access.[9]

Neither the RTKL nor Pennsylvania case law describes the required mechanism that an agency must utilize in meeting its burden to prove whether a requested record exists or is exempt from disclosure. This Court has held that, when a Commonwealth agency has searched its records and submits a sworn or unsworn affidavit that it was not in possession of the record, it satisfies the agency's burden in demonstrating the non-existence of the record in question. *Moore v. Off. of Open Recs.*, 992 A.2d 907, 909 (Pa. Cmwlth. 2010). Similarly, this Court has held that a sworn testimonial affidavit submitted by an agency is sufficient evidence to prove that the requested record qualifies for an exemption from disclosure when the presented affidavit is relevant and credible and provides a specifically detailed explanation of the agency's rationale in not disclosing a requested record. *Twp. of Worcester v. Off. of Open Recs.*, 129 A.3d 44, 60 (Pa. Cmwlth. 2016); *Off. of the Governor v. Scolforo*, 65 A.3d 1095, 1103-04 (Pa. Cmwlth. 2013) (*en banc*); *Mitchell v. Off. of Open Recs.*, 997 A.2d 1262, 1265 (Pa. Cmwlth. 2010). "[A] generic determination or conclusory statements are not sufficient to justify the exemption of public records." *Scolforo*, 65 A.3d at 1103.

---

[9] "A preponderance of the evidence standard, the lowest evidentiary standard, is tantamount to a more likely than not inquiry." *Delaware Cnty. v. Schaefer ex rel. Phila. Inquirer*, 45 A.3d 1149, 1156 (Pa. Cmwlth. 2012) (*en banc*) (citing *Jaeger v. Bureau of Workers' Comp. Fee Rev. Hearing Off. (Am. Cas. of Reading c/o CNA)*, 24 A.3d 1097, 1101 n.10 (Pa. Cmwlth. 2011)).

7

With the above law in mind, without reaching any conclusion as to whether the Writ constitutes a "search warrant" for purposes of the RTKL request, we have exercised our *de novo* standard of review and conducted an *in camera* review of the Writ and compared it with what we referred to as the federal court order in our memorandum opinion and order in *Cluck I*. Based on our examination, we confirm that the federal court order that was filed under seal in *Cluck I* is, in fact, the Writ.[10] In other words, the documents are one and the same. Accordingly, we confirm that the Writ is a federal court order that by judicial decree is under seal and, therefore, is not a public record as defined by Section 102 of the RTKL.

## IV. CONCLUSION

For the reasons set forth above, we affirm the Final Determination of OOR.[11]

_____
P. KEVIN BROBSON, Judge

---

[10] The Honorable Richard A. Lloret, United States Magistrate Judge, issued the Writ on March 9, 2018, in a matter captioned as "In the Matter of: Seizure of One or More Tons of United States Gold" at "Case No. 18-M-362" in the United States District Court for the Eastern District of Pennsylvania.

[11] Because our decision is based on our own *in camera* review of the Writ, it is not necessary to address the issue of OOR not conducting its own *in camera* review of the requested record.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

William J. Cluck, Esquire, : 
                    Petitioner : 
                              : 
            v. :   No. 368 C.D. 2020
                              : 
Department of Conservation : 
and Natural Resources, : 
                    Respondent : 

# O R D E R

AND NOW, this 28th day of January, 2021, the Final Determination of the Pennsylvania Office of Open Records is AFFIRMED.

_____

P. KEVIN BROBSON, Judge
