IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Armoni Masud Johnson, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 575 C.D. 2023 |
| | : | |
| Pennsylvania State Police | : | Submitted: July 5, 2024 |
| (Office of Open Records), | : | |
| Respondent | : | |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE ANNE E. COVEY, Judge
HONORABLE LORI A. DUMAS, Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                                    FILED: August 20, 2024

Armoni Masud Johnson (Requester), proceeding *pro se*, petitions for review of the May 10, 2023 Final Determination of the Pennsylvania Office of Open Records (OOR). The OOR denied Requester's appeal from the Pennsylvania State Police's (PSP) March 15, 2023 denial of Requester's Right-to-Know Law (RTKL)[1] request for the property log record maintained by PSP for two mobile phones confiscated in connection with PSP's investigation of Requester's alleged criminal activity. The OOR concluded that PSP carried its burden to establish that the requested record is exempt from disclosure pursuant to the criminal investigation exemption found at Section 708(b)(16) of the RTKL, 65 P.S. § 67.708(b)(16). Upon review, we affirm.

## I.    BACKGROUND AND PROCEDURAL HISTORY

On February 6, 2023, Requester submitted a RTKL request (Request) to PSP in which he requested the "logg" sheet showing who "logged" two mobile

---

[1]  Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

phones into and out of the PSP's property department from May 31, 2012, to December 2, 2022 (Property Record). Requester attached to the Request another PSP "property record" that appears to show the items confiscated from Requester, including packets of suspected heroin, an amount of United States currency, and two mobile phones. (Certified Record (C.R.), OOR Ex. 1, pp. 5-7.) The property record attached to the Request includes an incident number of P01-0731383-C. *Id.*, p. 7. It also appears to have been marked with a court of common pleas docket number of 2023-0276.

After invoking a 30-day extension pursuant to Section 902(b)(2) of the RTKL, 65 P.S. § 67.902(b)(2), PSP denied the Request by written response sent March 15, 2023 (Response). *Id.*, p. 9. In its Response, PSP advised Requester that the Property Record is part of "Incident Report No. 0731383A" (Incident Report). *Id.* PSP accordingly concluded that the Property Record was not subject to public disclosure because (1) it was exempt pursuant to the criminal investigation exemption, (2) it contained personal identifying information, *see* Section 708(b)(6)(i)(A) of the RTKL, 65 P.S. § 67.708(b)(6)(i)(A); (3) it contained victim information, *see* Section 708(b)(16)(v) of the RTKL, 65 P.S. § 67.708(b)(6)(v); and (4) disclosing the report would violate Section 9106(c)(4) of the Criminal History Record Information Act (CHRIA), 18 Pa. C.S. § 9106(c)(4), which prohibits criminal justice agencies from disseminating investigative information except to other criminal justice agencies. (C.R., Ex. 7, pp. 10-11.)[2] PSP provided with its Response a supporting verification signed by William A. Rozier, PSP's Deputy

---

[2] PSP also asserted that the Incident Report was not subject to disclosure as information contained in a "police blotter" as that term is defined in 18 Pa. C.S. § 9102. *See* 65 P.S. § 67.708(b)(16).

Agency Open Records Officer for PSP (ORO Rozier).[3] The verification attested that PSP performed a search, located the Property Record, and concluded that it was not subject to disclosure on the same grounds asserted by PSP in its Response. *Id.*, pp. 13-14.

Requester appealed PSP's denial of the Request to the OOR on April 5, 2023, arguing that PSP's Response was retaliatory and that PSP wrongfully withheld the Property Record. (C.R., OOR Ex. 1, pp. 2-3.) Requester attached to his appeal a PSP "supplemental investigation report" for incident number "P1-0731383A,"which indicates that certain evidence corresponding to this incident number was signed out and submitted to PSP's laboratory for testing. (C.R., OOR Ex. 1, p. 4.) PSP submitted a position statement to the OOR accompanied by another verification of ORO Rozier in which he pertinently attested, under penalty of perjury,[4] as follows:

> 9. In response to the [R]equest, PSP identified the [Property Record] as being a component of [the Incident Report] . . . .
>
> 10. I have personally [reviewed] [the Incident Report] and found that it was created as the result of a complaint of criminal activity[,] and the [Incident R]eport describes and documents a PSP [t]rooper's investigation into this complaint.
>
> 11. [The Incident Report] and its components detail a PSP investigation into a complaint of criminal activity. Thus, the [Incident R]eport and each of its components is "[a] record of an agency relating to or resulting in a criminal

---

[3] Although the verification was signed by ORO Rozier, it is titled "Verification of Brittany Sultzaberger, Deputy Agency Open Records Officer." (C.R., OOR Ex. 7, p. 13.) Given the contents of the verification and the record before the OOR, we conclude that this discrepancy was a typographical error.

[4] *See* 18 Pa. C.S. § 4904.

3

investigation," which is exempt from public disclosure under RTKL [S]ection []708(b)(16).

12. Furthermore:

- The [Incident R]eport contains "[c]omplaints of potential criminal conduct other than a private criminal complaint[,]" and, thus, is exempt from public disclosure under RTKL [S]ection []708(b)(16)(i)[;]

- Because it reflects the findings and conclusions, as well as the actions, observations[,] and notes of investigating troopers, the [Incident R]eport's components constitute "[i]nvestigative materials, notes, correspondence, . . . and reports," all of which are exempt from public disclosure under RTKL [S]ection []708(b)(16)(ii)[;]

- In its entirety, as well as in its components, the [Incident R]eport is "[a] record that, if disclosed, would . . . [r]eveal the institution, progress, or result of a criminal investigation," and, therefore, [is] exempt from public disclosure under RTKL [S]ection []708(b)(16)(vi)(A)[;]

- The [Incident R]eport also contains personal identifying information, including residential addresses and the telephone numbers of witnesses, all of which are exempt from public disclosure under RTKL [S]ection []708(b)(6)(i)(A)[;]

- The [Incident R]eport[] "[i]nclude[s] . . . victim information," ([e.g.], the victim's full name, birth date, residential address and telephone number) and, thus, is exempt from public disclosure under RTKL [S]ection []708(b)(16)(v)[;]

- Yet, none of the [Incident R]eport's components comprise[] original records of

4

entry, a chronology of arrests, the identification of arrested individuals, the specification of criminal charges[,] or any other "information contained in a police blotter as defined in 18 Pa. C.S. § 9102" that would be accessible to the public. [*See* 65 P.S. § 67.708(b)(16)].

13. Lastly, disclosing the [Incident R]eport or its components to [] Requester would violate [CHRIA], which prohibits criminal justice agencies from disseminating investigative information, except to other criminal justice agencies.

14. Accordingly, I withheld the responsive report and its components from public disclosure.

(C.R., OOR Ex. 7, pp. 5-8) (some bracketing in original).[5] From what we can glean from Requester's letter to the OOR, he argued that PSP and a district attorney's office were withholding exculpatory evidence, engaging in prosecutorial misconduct, and violating Requester's constitutional rights to equal protection and due process. (C.R., OOR Ex. 8, p. 3.) Requester also argued that his criminal counsel provided ineffective assistance. *Id.*, p. 4.

The OOR issued its Final Determination on May 10, 2023, denying Requester's appeal. Relying principally on this Court's recent unpublished decision in *Duiker v. Pennsylvania State Police* (Pa. Cmwlth., No. 1481 C.D. 2021, filed March 9, 2023), the OOR concluded that PSP had carried its burden to establish by a preponderance of the evidence that the Property Record, as a component part of a non-disclosable PSP incident report, was exempt from public disclosure pursuant to

---

[5] Paragraph 5 of the verification indicates that it was executed in response to a RTKL appeal filed by "Peter Rosenweig." (C.R., OOR Ex. 7, p. 5, ¶ 5.) Given that all of the other information in the verification concerns Requester's Request to PSP, the reference to Peter Rosenweig clearly was a typographical error.

Section 708(b)(16) of the RTKL. (OOR Final Determination, at 3-4.)  The OOR further concluded that the Report was not subject to redaction.  *Id.* at 4.[6]

Requester now petitions for review in this Court, arguing, *inter alia*,[7] that PSP is withholding exculpatory evidence in violation of his First Amendment rights, U.S. Const. amend. I.[8]  Requester asks the Court to (1) direct disclosure of the Property Record, (2) direct that $462.00 be returned to him with interest, and (3) deem PSP's actions to be prosecutorial misconduct.  (Requester's Br. at 7.)

## II.    DISCUSSION[9]

The RTKL mandates that a Commonwealth agency, here, PSP, provide access to public records when requested.  *See* Section 301 of the RTKL, 65 P.S. § 67.301.  The RTKL defines a "public record" as a "record . . . of a Commonwealth or local agency that: (1) is not exempt under [S]ection 708; (2) is not exempt from being disclosed under any other Federal or State law or regulation or judicial order

---

[6] The OOR did not address the other grounds for nondisclosure relied upon by PSP.

[7] Requester also asserts various other claims unrelated to his RTKL Request.

[8] Requester alleges in his brief that he was arrested on criminal charges on May 31, 2012, at which time the two subject mobile phones were confiscated.  He further alleges that his criminal case was dismissed in March 2016, at which time his personal property was to be returned to him. Requester did not ultimately retrieve the property, including the two mobile phones, until December 2022.  Thereafter, Requester alleges that he discovered that the phones had been unlawfully searched in violation of his Fourth Amendment rights, U.S. Const. amend. IV, and that certain exculpatory evidence on the phones had been erased.  Requester submitted the Request seeking to determine who had possession of the two mobile phones while they were housed with PSP.  (Requester Br., at 4-6.)

[9] In appeals from OOR determinations regarding RTKL requests to Commonwealth agencies, our standard of review is *de novo*, and our scope of review is plenary.  *Pennsylvania State Police v. McGill*, 83 A.3d 476, 479 n.3 (Pa. Cmwlth. 2014) (citing *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013)).

6

or decree; [and] (3) is not protected by a privilege." Section 102 of the RTKL, 65 P.S. § 67.102. The RTKL defines "record" as follows:

> Information, regardless of physical form or characteristics, that documents a transaction or activity of an agency and that is created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency. The term includes a document, paper, letter, map, book, tape, photograph, film or sound recording, information stored or maintained electronically and a data-processed or image-processed document.

*Id.*

Thus, because records in the possession of Commonwealth agencies are presumed to be public, the "[b]urden of proving that a record of a Commonwealth agency . . . is exempt from public access shall be on the Commonwealth agency . . . receiving a request by a preponderance of the evidence." Section 708(a)(1) of the RTKL, 65 P.S. § 67.708(a)(1). An agency can meet this burden through the submission of affidavits. *Moore v. Office of Open Records*, 992 A.2d 907, 909 (Pa. Cmwlth. 2010). This Court has approved of the OOR's consideration of testimonial affidavits in rendering its decisions, *see, e.g.*, *Sherry v. Radnor Township School District*, 20 A.3d 515, 520 (Pa. Cmwlth. 2011), and we further have specifically held that a credible testimonial affidavit of a deputy open records officer of PSP is sufficient to support a claimed exemption. *Mitchell v. Office of Open Records*, 997 A.2d 1262 (Pa. Cmwlth. 2010). Finally, we interpret the RTKL's exemptions consistently with its objective, "which is to empower citizens by affording them access to information concerning the activities of their government." *Pennsylvania State Police v. Grove*, 161 A.3d 877, 892 (Pa. 2017) (quoting *SWB Yankees LLC v. Wintermantel*, 45 A.3d 1029, 1042 (Pa. 2012). Exemptions to disclosure therefore

7

are construed strictly, lest they subvert this purpose. *American Civil Liberties Union v. Pennsylvania State Police*, 232 A.3d 654, 656-57 (Pa. 2020).

Relevant to this appeal, the RTKL exempts the following records from disclosure:

(16) A record of an agency relating to or resulting in a criminal investigation, including:

(i) Complaints of potential criminal conduct other than a private criminal complaint.

(ii) Investigative materials, notes, correspondence, videos and reports.

(iii) A record that includes the identity of a confidential source or the identity of a suspect who has not been charged with an offense to whom confidentiality has been promised.

(iv) A record that includes information made confidential by law or court order.

(v) Victim information, including any information that would jeopardize the safety of the victim.

(vi) A record that, if disclosed, would do any of the following:

(A) Reveal the institution, progress or result of a criminal investigation, except the filing of criminal charges.

(B) Deprive a person of the right to a fair trial or an impartial adjudication.

(C) Impair the ability to locate a defendant or codefendant.

(D) Hinder an agency's ability to secure an arrest, prosecution or conviction.

(E) Endanger the life or physical safety of an individual.

This paragraph shall not apply to information contained in a police blotter as defined in 18 Pa.C.S. § 9102 (relating to

definitions) and utilized or maintained by [PSP], local, campus, transit or port authority police department or other law enforcement agency or in a traffic report except as provided under 75 Pa.C.S. § 3754(b) (relating to accident prevention investigations).

65 P.S. § 67.708(b)(16). Police incident reports, as with criminal investigative reports, are investigative materials and fall within the RTKL's investigative exemption at Section 708(b)(16)(ii). *Pennsylvania State Police v. Office of Open Records*, 5 A.3d 473, 479 (Pa. Cmwlth. 2010) (*PSP*). Because investigative materials fall within the exemption, investigative materials are not public records and, therefore, are not subject to disclosure. *Id.* at 479. *See also Hunsicker v. Pennsylvania State Police*, 93 A.3d 911, 913 (Pa. Cmwlth. 2014) ("[N]o matter what is contained in an incident report, incident reports are considered investigative materials and are covered by [the criminal investigation] exemption."). Further, where the criminal investigation exemption applies, the entire investigative report falls under the exemption and is not subject to public disclosure. *Hunsicker*, 93 A.3d at 913.

Recently, in *Castillo v. Pennsylvania State Police (Office of Open Records)*, 310 A.3d 831 (Pa. Cmwlth. 2024), this Court considered the application of the criminal investigation exemption as it applies to PSP incident reports and their contents. In *Castillo*, the requester submitted a RTKL request to PSP seeking production of records related to his criminal conviction, the sentence for which he had completed. *Id.* at 832. In response, PSP identified as responsive a 58-page incident report in its possession that detailed its investigation into a criminal complaint. *Id.* at 833. PSP denied the RTKL request, concluding that the report was not subject to disclosure pursuant to Section 708(b)(16) of the RTKL and CHRIA. *Id.* On appeal to the OOR, PSP submitted a verification of ORO Rozier, who attested

9

that the requested report "reflected the findings, conclusions, actions, and observations of the investigating PSP members taken during the investigation into a criminal complaint, as well as information regarding the institution, progress, or result of a criminal investigation." *Id.* The OOR agreed and found that PSP carried its burden to establish that the report was exempt from disclosure pursuant to Section 708(b)(16) of the RTKL. *Id.*

On appeal to this Court, the requester in *Castillo* argued that the PSP wrongfully withheld the report, arguing that the criminal investigation exemption no longer applies to closed criminal cases. In the alternative, the requester sought production of all non-investigative portions of the report with appropriate redactions of investigative material. *Id.* Relying principally on our decision in *PSP*, 5 A.3d at 479, we concluded that the entire incident report possessed by PSP was not subject to disclosure, reasoning as follows:

> [T]he [i]ncident [r]eport at issue here is not a public record subject to disclosure. According to the [v]erification, [ORO] Rozier attested that the [i]ncident [r]eport contains "investigative information" including
>
>> the findings, conclusions, actions, and observations of investigating PSP members, including Trooper Maguire, taken during the investigation into this criminal matter. In addition to containing personal identification information and investigative materials, this report - based upon its content - is a PSP record that, if disclosed, would reveal the institution, progress or result of this criminal investigation.
>
> In addition, [ORO] Rozier attested that the [i]ncident [r]eport is not a chronology of arrests that would otherwise qualify for disclosure as a "police blotter." Upon review, PSP's evidence established, by a preponderance of the

10

evidence, that the [i]ncident [r]eport documented a criminal investigation and, therefore, qualified for exemption from disclosure.

Although we recognize that the criminal action has long since concluded, and [the r]equester has completed his sentence, the status or "staleness" of a criminal matter is not relevant for disclosure purposes. To withhold a record under Section 708(b)(16), PSP only needed to show that the record related to a criminal investigation, period.

Finally, we decline [the r]equester's redaction request. "[W]here a record falls within an exemption under Section 708(b), it is not a public record as defined by the RTKL and an agency is not required to redact the record." *PSP*, 5 A.3d at 481; *accord Heavens v. Department of Environmental Protection*, 65 A.3d 1069, 1077 (Pa. Cmwlth. 2013); *Department of Health v. Office of Open Records*, 4 A.3d 803, 815 (Pa. Cmwlth. 2010).

*Id.* at 835-36 (some internal citations omitted).

Likewise here, we agree with the OOR that the Property Record sought by Requester is exempt from disclosure pursuant to Section 708(b)(16) of the RTKL. ORO Rozier attested in his verification that the Property Record was a component part of the Incident Report, the contents of which relate to PSP's criminal investigation into Requester's alleged criminal activity. We have not discovered in the record any evidence that would undermine or call into question the veracity or accurateness of ORO Rozier's verification; nor has Requester identified any applicable exceptions to the criminal investigation exemption that would apply. Moreover, the fact that Requester may have in his possession certain portions of the Incident Report is of no moment; Requester very well may have obtained the documents during discovery in his criminal case or elsewise. That fact does not, however, make the entire Incident Report, including the Property Record, subject to public disclosure under the RTKL. *See Hunsicker*, 93 A.3d at 913 (merely because

a requester purportedly knows some of the information contained in withheld documents is irrelevant to whether they are subject to disclosure under the RTKL). Finally, the fact that Requester's criminal case and the associated investigation concluded years ago does not render the criminal investigation exemption presently inapplicable. *Castillo*, 310 A.3d at 835.

We therefore conclude that PSP has carried its burden to establish that the Property Record is a component part of a PSP incident report that, under our precedents, is exempted in total from public disclosure pursuant to Section 708(b)(16) of the RTKL. We accordingly affirm the OOR's Final Determination.

_____

PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Armoni Masud Johnson,            :
          Petitioner        :
                          :
      v.                  :   No.  575 C.D. 2023
                          :
Pennsylvania State Police     :
(Office of Open Records),      :
          Respondent    :

## ***ORDER***

AND NOW, this 20th day of  August, 2024, the May 10, 2023 Final Determination of the Office of Open Records is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge